[Crim. No. 1407. First Appellate District, Division One.—May 12, 1927.]

## THE PEOPLE, Respondent, v. PRUETTE KEARNS GODDARD, Appellant.

[1] CRIMINAL LAW — APPEAL — ADMISSION TO BAIL — DISCRETION OF TRIAL COURT.—An application for an order admitting defendant to bail pending appeal from a judgment of conviction of the crime of bigamy, after entry of plea of guilty, is addressed to the sound discretion of the trial court, and its determination should not be disturbed except where an abuse of discretion is clearly shown; and where the questions presented by such appeal, and which were considered by the trial court, are doubtful, the appellate court cannot say that the trial court's denial of defendant's application was an abuse of discretion.

(1) 6 **C. J.**, p. 968, n. 54; 17 **C. J.**, p. 231, n. 59.

APPLICATION for admission to bail pending appeal from a judgment of the Superior Court of Alameda County. Leon E. Gray, Judge. Denied.

The facts are stated in the opinion of the court.

Soren X. Christensen and J. C. Wood for Appellant.

U. S. Webb, Attorney-General, Wm. F. Cleary, Deputy Attorney-General, Earl Warren, District Attorney, and Leonard J. Meltzer, Deputy District Attorney, for Respondent.

CASHIN, J.—An application for an order admitting the defendant to bail.

An information was filed in the superior court of Alameda County charging defendant with the commission in that county of a felony, to wit, the crime of bigamy, to which

1. Granting of bail as matter of right or of discretion, notes, 1 Ann. Cas. 12; 9 Ann. Cas. 619. Right to release on bail pending appeal under a general statute, note, 37 **L. R. A. (N. S.)** 693. See, also, 3 **Cal. Jur.** 1034; 3 **R. C. L.** 15. Constitutional right to bail pending appeal from conviction, note, 19 **A. L. R.** 807; 45 **A. L. R.** 458.

he entered a plea of guilty.  Subsequently a motion for an order permitting a withdrawal of the plea was denied.  By the judgment of the court he was sentenced to be confined in the state prison at San Quentin.  An appeal was thereafter taken from the judgment and an application made to the trial court for an order admitting him to bail pending the appeal, which was denied.

[1]  The appeal—which is based on the contention that the trial court abused its discretion in refusing to permit the defendant to withdraw his plea of guilty—involves the question of the validity of his previous marriage, it being claimed that certain facts in that connection were unknown to him at the time the plea was entered.  Applications of this character are addressed to the sound discretion of the trial court, and its determination should not be disturbed except where an abuse of discretion is clearly shown.  (*In re Preciado,* 30 Cal. App. 323 [158 Pac. 1063]; *People* v. *Ephraim,* 72 Cal. App. 479 [237 Pac. 801].)  In view of the doubtful questions of law presented by the appeal and which were considered by the trial court, we cannot say that its denial of the application was an abuse of discretion.

The application is denied.

Tyler, P. J., and Knight, J., concurred.