[Civ. No. 5015. Second Appellate District, Division One.—February 19, 1925.]

NORMAN B. FRANKFORT, Petitioner, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF LOS ANGELES et al., Respondents.

[1] CRIMINAL LAW—IMPRISONMENT—SENTENCE—FELONY.—Where the offense committed by a defendant was such that under the provisions of the statute violated by him he might be punished "by imprisonment in the state prison not exceeding five years, or in a county jail not exceeding two years, or by a fine not exceeding five thousand dollars, or by such fine and imprisonment,"

and the sentence pronounced against said defendant was that he be confined in the state prison at San Quentin until discharged according to law, the defendant, under section 17 of the Penal Code, defining a felony, must be deemed to have been convicted of a felony, notwithstanding that the offense would have been reduced to the grade of misdemeanor if the judgment had imposed a punishment other than imprisonment in the state prison.

[2] ID. — BAIL — SECTION 1289, PENAL CODE — JURISDICTION.—Section 1289 of the Penal Code refers only to admission to bail "upon an indictment or information," but even if it applied to admission to bail after judgment, still the authority of the court to increase the amount of bail required does not depend upon the giving of any preliminary notice to the defendant.

[3] ID.—CONVICTION OF FELONY—ADMISSION TO BAIL—DISCRETION.— Where a defendant stands in the position of a person seeking to be admitted to bail after conviction of a felony, the granting of such admission to bail is a matter of discretion, and not a matter of right.

---

(1) 16 C. J., p. 57, n. 73.    (2) 6 C. J., p. 991, n. 22.    (3) 6 C. J., p. 968, n. 55.

APPLICATION for Writ of Mandate to compel the Superior Court of Los Angeles County to approve undertaking for bail.  Carlos S. Hardy, Judge.  Petition denied.

The facts are stated in the opinion of the court.

Max Schleimer for Petitioner.

CONREY, P. J.—This is a petition for a writ of mandate, to require respondent court and the judge thereof to approve an undertaking of bail.  The petitioner was convicted upon an indictment charging him with the commission of certain acts in violation of the provisions of the Corporate Securities Act (Deering's Gen. Laws, 1923 ed., Act 3814).  The offense was such that under the provisions of section 14 of this act the defendant might be punished "by imprisonment in the state prison not exceeding five years, or in a county jail not exceeding two years, or by a fine not

---

3.  Granting of bail as matter of right or discretion, notes, 1 Ann. Cas. 19; 9 Ann. Cas. 619. See, also, 3 R. C. L. 15; 3 Cal. Jur. 1034.

exceeding five thousand dollars, or by both such fine and imprisonment.'' The sentence pronounced against the defendant was that he be confined in the state prison at San Quentin until discharged according to law. This was in accordance with the indeterminate sentence law.

"A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime is a misdemeanor. When a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison.'' (Pen. Code, sec. 17.) [1] The effect of section 17 is that the defendant must be deemed to have been convicted of a felony, notwithstanding that the offense would have been reduced to the grade of misdemeanor if the judgment had imposed a punishment other than imprisonment in the state prison.

The petition herein alleges that petitioner, as defendant in said criminal action, appealed from the judgment and from the order denying a new trial, and a certificate of probable cause was allowed on said appeal. Thereupon the defendant applied to be admitted to bail pending the appeal. The court granted the application, and fixed the amount of bail pending said appeal at ten thousand dollars in cash, or an undertaking executed by a surety company in that amount. Contending that the court had no authority to so limit the kind of bail to be given and thereby to exclude defendant from furnishing bail by two or more qualified freeholders, he offered to the court an undertaking in the sum of ten thousand dollars, executed by several freeholders and householders who, so it is alleged, justified by testifying before the court that they were worth sums which, in the aggregate, amount to forty-two thousand one hundred dollars over and above all debts and liabilities and property exempt from execution. The petition states that the court refused to amend its order so as to provide for the acceptance of freeholders as sureties on said undertaking. By an affidavit which accompanies and is annexed to the petition and which the petitioner refers to as being a part thereof, affiant, who is the attorney for petitioner, states that upon

said examination of sureties the judge stated that upon the previous day he had amended his order ·theretofore made regarding bail, by providing that an undertaking be given by freeholders in the sum of twenty thousand dollars, instead of· ten thousand dollars cash or surety company undertaking. We shall treat this statement as an allegation that such order was made. **[2]** Petitioner contends that such amended order is contrary to law because it was made without notice to petitioner or his attorney, and further, that under section 1289 of the Penal Code the judge had no right to increase the amount of bail while petitioner was still in jail. Said section 1289 reads as follows: "Increase or reduction of bail. After a defendant has been admitted to bail upon an indictment or information, the court in which the charge is pending may, upon good cause shown, either increase or reduce the amount of bail. If the amount be increased, the court may order the defendant to be committed to actual custody, unless he give bail in such increased amount. If application be made by the defendant of the amount, notice of the application must be served upon the district attorney." It will be noted that said section 1289 refers only to admission to bail "upon an indictment or information." But even if it applied to admission to bail after judgment, we think that the authority of the court to increase the amount of bail required does not depend upon the giving of any preliminary notice to the defendant. **[3]** Considering that, as we have hereinbefore stated, petitioner stands in the position of a person seeking to be admitted to bail after conviction of a felony, the granting of such admission to bail is a matter of discretion, and not a matter of right. (Pen. Code, sec. 1272.)

Since it does not appear that petitioner has tendered to the court any undertaking of ·bail in the sum of twenty thousand dollars as required by the court's order, it follows that he is not entitled to the demanded writ of mandate.

The petition is denied.

Houser, J., and Curtis, J., concurred.