[Crim. No. 1372. Second Appellate District, Division One.—August 4, 1926.]

THE PEOPLE, Respondent, v. BERNARD SCHWARZ et al., Defendants; AMY WALLINGTON, Appellant.

[1] Criminal Law — Appeal — Admission to Bail.—On this petition for leave to renew application to admit appellant to bail pending appeal from an order denying her motion to set aside judgment and sentence and from an order denying her application to set aside the sentence and to vacate the judgment and for permission to withdraw the plea of guilty and plead not guilty

1. See 3 Cal. Jur. 1035.

(her appeal from the judgment not having been made within the period allowed by law), assuming that the grounds of appeal stated and argued in appellant's opening brief presented propositions of such debatable character that they might lead the court to reverse the orders appealed from, the appellate court did not consider that there was sufficient reason for admitting defendant to bail pending appeal.

(1) 6 C. J., p. 961, n. 89, p. 968, n. 54.

PETITION for leave to renew application for admission to bail pending appeal. Denied.

The facts are stated in the opinion of the court.

Max Schleimer for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Appellant has filed herein her petition for leave to renew application to admit defendant to bail pending appeal. A statement of the previous record on appeal will aid in understanding this application.

On April 7, 1926, and prior to the filing of any transcript on appeal, petitioner filed an application for stay of execution of the judgment. Disposition of this application was made by the second district court of appeal, in division two, in a short opinion (*People* v. *Wallington*, 77 Cal. App. 366 [246 Pac. 815]), which reads as follows: "By the Court: It appears from the face of the application for a stay of execution of the judgment under section 1243 of the Penal Code that the appeal from the judgment is abortive and that the order made after judgment necessarily must be affirmed. The appeal from the judgment was not taken in time. (Pen. Code, sec. 1239; *Starr* v. *Superior Court,* 23 Cal. App. 670 [139 Pac. 241].) The sufficiency of the indictment could not be questioned on the motion made in the lower court to set aside the judgment after it had become final. (*People* v. *Mooney,* 178 Cal. 525 [174 Pac. 325]; *People* v. *Reid,* 195 Cal. 249 [36 A. L. R. 1435, 232 Pac. 457].) The application for stay of execution is denied."

The clerk's transcript on appeal was filed on April 20th and the reporter's transcript on May 10th. On April 23d

the case was assigned to division one. On May 3d, in this division, a certificate of probable cause was granted, after denial of such certificate by the judge of the superior court. On May 17th appellant filed herein an application for release on bail pending appeal. Responding to that application, on May 19th, we entered an order as follows: "It appearing to the court that said petition is insufficient and that abuse of discretion has not been shown in the denial of bail by the superior court, it is ordered that the application be and the same is hereby denied." Appellant's opening brief on her appeal was filed on June 17th. The present application "for leave to renew application to admit defendant to bail pending appeal" adds nothing of substance to the former application, except that appellant calls attention to her opening brief on appeal, and argues therefrom that in all probability this court will reverse the orders appealed from. As the appeal from the judgment must be disregarded because not made within the period allowed by law, there remain in this court only the appeal from an order of April 5, 1926, denying appellant's motion to set aside judgment and sentence, and the appeal from the order of April 9, 1926, denying her application to set aside the sentence and to vacate the judgment and for permission to withdraw the plea of guilty and plead not guilty to the indictment.

[1] Assuming, but not deciding, that the grounds of appeal stated and argued in appellant's opening brief present propositions of such debatable character that they might lead the court to reverse the orders appealed from, nevertheless we do not consider that there is sufficient reason for admitting defendant to bail pending appeal. The statements made by petitioner concerning the condition of her health, and the inconveniences incident to her detention in jail (set forth in her former petition for admission to bail), were not supported by any evidence other than her own affidavit, and the record thereon is not sufficient to prove that there was any abuse of discretion in the denial by the superior court of appellant's application for admission to bail pending appeal.

For the foregoing reasons the present application is denied.

Houser, J., and York, J., concurred.