[Crim. No. 3347. In Bank.—June 6, 1930.]

In the Matter of the Application of ALEXANDER PANTAGES for Bail Pending Appeal.

Le Compte Davis, Jerry Geishler, Louis Titus and Earle M. Daniels for Applicant.

U. S. Webb, Attorney-General, J. Charles Jones and Jess Hession, Deputies Attorney-General, Buron Fitts, District

536

Attorney, and John Barnes, Deputy District Attorney, for Respondent.

PRESTON, J.—The petitioner, following his conviction of the crime of rape, was on November 9, 1929, sentenced to the state prison at San Quentin for the term prescribed by law. He was immediately taken into custody by the sheriff of the county of Los Angeles and has been detained in the county jail there continuously since said date.

He has duly appealed from said judgment of conviction to the District Court of Appeal, where the cause is now pending and has either been submitted or is in a condition to be submitted to that tribunal for decision. The execution of said judgment of conviction has been regularly stayed by certificate of probable cause issued pursuant to the provisions of section 1243 of the Penal Code.

Admittedly "said appeal is taken and prosecuted by the said Alexander Pantages in good faith, is not frivolous, vexatious nor for delay, but presents important and debatable questions for the decision of the District Court of Appeal, and is taken in good faith and without any intent or desire to delay or hinder the due processes of the law."

Heretofore, on December 27, 1929; again on January 30, 1930, and still again on April 16, 1930, the Superior Court of the county of Los Angeles gave and made orders denying, without prejudice, motions made by said petitioner for bail pending his appeal. On April 8, 1930, the District Court of Appeal, Division One of the Second Appellate District, likewise denied a similar motion. Petitioner now appeals to the original jurisdiction of this court and asks that an order be made granting unto him bail pending the decision on said appeal.

The generally accepted rule is that courts and judges should not exercise the power to grant bail after conviction of a felony except "with the greatest caution and only when the peculiar circumstances of the case render it proper." At the same time the laws of the state should be administered in a humane manner and it is for that reason that the power to grant bail in a proper case is conferred upon courts and judges. Where the showing of fact is sufficient to meet the above requirement, judges and courts should not hesitate to give the benefit of the law to a

defendant. In *In re Ward,* 127 Cal. 489 [47 L. R. A. 466, 59 Pac. 894], a physician testified as follows: "The balance of chances is that, if said Ward shall continue to be confined for a period of three months or more in said county jail, a fatal result will ensue." This was held by the court to be a circumstance of such an extraordinary character as warranted the exercise of its discretion in admitting the petitioner to bail pending his appeal. So far as we are informed this rule has never been modified or set aside: *In re Preciado,* 30 Cal. App. 323, 331 [158 Pac. 1063]; *Ex parte Azhderian,* 123 Cal. 512 [56 Pac. 1130].

The first ground urged by petitioner for granting bail is that since his conviction and confinement in the county jail, he has suffered and is now suffering severe attacks due to heart disease and is now so ill that further incarceration will result in great and permanent injury to his health and will render his death in the near future imminent. He also urges other grounds which pertain to a series of damage suits involving very large sums of money, which have been lodged against him by the complaining witness and other witnesses in said criminal action in which he was convicted. As we are of the opinion that a sufficient showing has been made under the first ground urged, we shall not discuss the other grounds set forth in the petition.

In support of his said first contention, petitioner has presented us with the affidavits of five reputable physicians of high standing in the profession, all of which are to the effect that, among other diseases, he is suffering from a heart disease known as angina pectoris. All of these physicians aver that under the conditions now surrounding him he is not only in danger of a deterioration of his health but is in actual danger of death. One of these physicians is Dr. Benjamin Blank, the physician of the hospital of the Los Angeles county jail, who has examined the patient on an average of twice a day since his incarceration in said jail and as a concluding portion of his supplementary affidavit in this cause he characterizes the situation of petitioner as follows:

"That affiant as the jail physician has administered to the said Alexander Pantages all medical attention that he can get in the jail surroundings, and that to none of said

medical treatment has there been any response, and in fact the said Alexander Pantages is materially deteriorating in health, and his resistance is being lowered to such an extent that in affiant's opinion he is likely to die in any one of these attacks. In affiant's professional opinion the said Alexander Pantages is in need of immediate medical attention, mental and physical rest, and proper diet; that none of these can be adequately supplied or furnished in the jail hospital. And further, in affiant's professional opinion, it is immediately necessary that the said Alexander Pantages be restored to his home life, under congenial surroundings, with the constant attention of a reliable physician, who may render to him the proper medical treatment, and provide under his direction the proper nourishment, none of which is obtainable in the County Jail.''

Against this showing of the petitioner, the affidavits of two physicians have been filed. Both of them admit a diseased condition of the heart. One of them characterizes it as follows: ''So far as the heart is concerned, there was present in my opinion a very slight murmur in the mitral area, which, however, I felt was functional in character.'' The other averred: ''His pains, as he described them, are anginal in type and a diagnosis of angina pectoris could not be denied and from physical examinations and findings could in no way be proven by any medical means.'' This affiant defined the condition as a ''chronic myocarditis.'' Both of these affiants, however, stated that in their opinion the surroundings of petitioner in the jail were not such as to imperil his health, but that he was in great need of rest, with adequate nourishment, all of which could be obtained in his present location.

In other words, the situation is that five physicians testify positively to a condition not only injurious to health but such as to endanger life as against two physicians, who admit a heart condition but deny the existence of danger to health or life. All of these physicians, it may be said, are worthy of belief. This being true, the overwhelming weight of the evidence is that petitioner's condition is serious and that his surroundings are such that not only his health but his life is in danger. We feel, therefore, that our only recourse is to grant the petition and allow the petitioner such bail as may be just in the premises.

Accordingly, it is therefore ordered that the petitioner be admitted to bail pending his said appeal, in the sum of $100,000, the undertaking to be approved by the presiding judge of the Superior Court of the county of Los Angeles, and that upon the giving of such undertaking approved by said judge, the petitioner be discharged from custody.

Richards, J., Waste, C. J., and Nourse, J., *pro tem.*, concurred.

Curtis, J., and Seawell, J., dissented.