[Crim. No. 2101. First Appellate District, Division One.—November 3, 1939.]

In the Matter of the Application of HUSTON BURNETTE for a Writ of Habeas Corpus.

William F. Herron for Petitioner.

Earl Warren, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

PETERS, J., *pro tem.*—Burnette petitions this court for a writ of *habeas corpus* for the purpose of having his bail reduced pending appeal from his conviction of the crime of rape. The petition and return, together with certain supporting affidavits, and the records of this court, disclose that, after the conviction, the trial court refused appellant a cer-

tificate of probable cause. Thereafter, upon the petition of Burnette, this court granted a writ of *supersedeas* to stay execution pending the appeal. (*People* v. *Burnette,* 34 Cal. App. (2d) 663 [94 Pac. (2d) 399].) The present petition alleges that thereafter the trial judge made an order admitting petitioner to bail pending the appeal, and fixed the amount of bail at $100,000 bond or $50,000 cash. The petition alleges that the bail so fixed is grossly excessive; is in violation of article I, section 6 of the state Constitution providing that "Excessive bail shall not be required"; that prior to his conviction Burnette was at large on bail on the rape charge in the sum of $5,000 bond or $2,500 cash; that petitioner can give bail in the sum of $15,000 bond; that said sum is reasonable and ample to secure the appearance of petitioner.

It is to be noted that we are here dealing with an application for reduction in bail after conviction. Section 1272 of the Penal Code provides that after conviction bail in non-capital felony cases shall rest in the discretion of the trial court. ▮ There are many cases holding that the appellate courts will not disturb the trial court's discretion in such cases, unless some extraordinary circumstance has occurred since the trial, such as the illness of the defendant or after discovered evidence which tends to show his innocence. (See 3 Cal. Jur., p. 1034, secs. 9 and 10; 13 Cal. Jur., p. 247, sec. 26; *In re Wilkins,* 66 Cal. App. 754 [226 Pac. 964]; *Ex parte Turner,* 112 Cal. 627 [45 Pac. 571]; *Ex parte Voll,* 41. Cal. 29; *Ex parte Smallman,* 54 Cal. 35.) In *Ex parte Smith,* 89 Cal. 79 [26 Pac. 638], it was held that even where the trial court had adopted an inflexible rule that it would never admit to bail in felony cases pending appeal, the appellate court would not interfere with the trial court's determination except where intervening circumstances had occurred.

There is no contention here made that any intervening circumstance has occurred warranting this court in reducing the bail. Under such circumstances, if the trial court had denied bail the authorities above quoted establish that its discretion would not be interfered with by this court. ▮ Petitioner contends, however, that, inasmuch as the trial court has seen fit to fix bail, it has determined that the offense is bailable, and that having so determined, the bail must be reasonable under the constitutional provision above referred to. Even if we assume that the constitutional provision is applicable to the

fixing of bail after conviction, an assumption that is probably not in accordance with the fact (*Ex parte Voll, supra*) we cannot say as a matter of law that the trial court has abused its discretion in fixing the bail at $100,000 bond or $50,000 cash. This petitioner has been found guilty of rape. The trial judge, at the time he fixed the bail, was familiar with the evidence. He had observed the defendant; he knew the defendant was a recidivist; that he had been sentenced to Folsom; that he faced a possibility of a fifty-year term. He also knew that pending trial the defendant had been released on bail furnished by relatives. Knowing all these facts, and knowing all the circumstances surrounding the charge of which defendant stands convicted, the trial judge determined, in the exercise of his discretion, that a $100,000 bond or $50,000 cash was reasonably necessary to assure the defendant's continued presence in the state. No abuse of such discretion appears. It must be remembered that the petitioner appears before this court as a convicted felon. Until his appeal is determined the presumption is that he was properly convicted.

That the amount of the bail is not excessive as a matter of law is conclusively determined by the case of *In re Pantages,* 209 Cal. 535 [291 Pac. 831]. In that case Pantages, after his conviction of the crime of rape, and after the trial court had denied bail pending appeal, applied to the Supreme Court for admission to bail pending the appeal, on the ground, among others, that further incarceration would likely result in his death. This was held to be a circumstance of such extraordinary character as warranted the Supreme Court in admitting the petitioner to bail pending appeal. The Supreme Court fixed such bail at $100,000—the same amount as fixed by the trial court in the present case. Certainly, if the Supreme Court thought in the Pantages case, in the exercise of its original jurisdiction, that $100,000 was a reasonable bail, we cannot say in this case that the trial court abused its discretion in fixing bail in exactly the same amount when this case involves exactly the same charge involved in the Pantages case. The mere fact that Pantages was financially able to raise such a bail, while petitioner may not be able to do so, does not determine that the trial court abused its discretion.

It is well settled, even in cases involving bail after indictment and before conviction, that bail is not to be deemed

excessive merely because the person under indictment cannot give the bail required of him. (3 Cal. Jur., p. 1049, sec. 18.)

Petitioner refers to the order of this court in the case of *Ex parte Carey*, Crim. 987. In that case it appears that the petitioner was duly convicted of the crime of rape. The trial court fixed bail pending appeal at $140,000 bond or $70,000 cash. Carey petitioned this court for a reduction in bail, upon a petition substantially identical with the one filed in the present action. The court, from the bench, without opinion, reduced the bail to $15,000. The reasons for such reduction do not appear. For that reason that case cannot be considered as a binding precedent in the present proceeding.

For the foregoing reasons the petition for reduction of bail is denied and the writ heretofore issued is discharged.

Ward, J., and Goodell, J., *pro tem.*, concurred.