[Crim. No. 2340. First Dist., Div. One. Feb. 7, 1945.]

THE PEOPLE, Respondent, v. GEORGE W. DAVIS, Appellant.

Edgar C. Levey and Walter H. Duane for Appellant.

Edmund G. Brown, District Attorney, and James F. Brennan, Deputy District Attorney, for Respondent.

PETERS, P. J.—Petitioner, George W. Davis, has been convicted of grand theft. His appeal is now pending. By this application he seeks from this court an order admitting him to bail pending the appeal. Such an application was first made to the trial court, and was there denied. That court also denied his petition for probation. The application recites the conviction and the taking of the appeal, and then alleges that the denial of bail by the trial court was unjustified and an abuse of discretion. In this connection it is averred that petitioner has been a resident of San Francisco all his life; that prior to his present difficulties he was a man of good repute; that he is married and his family and other relatives live in San Francisco; that all of them are persons of good reputations; that the criminal charge of which petitioner stands convicted was his first offense; that from the time of his arrest to the date of his conviction he was admitted to bail and during such period did not violate the conditions of his bail; that petitioner has been found guilty of stealing from his employer $9,399.65. In connection with the present application there also has been filed an affidavit of merits which, it may be conceded, demonstrates that the appeal is not frivolous. The district attorney opposes the application, urging that the trial court acted well within its discretion in refusing bail. The report of the probation officer which was before the trial court, and upon which the district attorney relies, recites that petitioner had been employed by a dry goods company as a salesman from 1933 to 1944; that almost from the start of his employment he had systematically stolen goods and merchandise from his employer and resold them to retail merchants who were customers of his employer; that his thefts totaled over $40,000. It also appears that after his conviction petitioner restored $4,128.14 to his employer by way of restitution.

The showing thus made falls far short of that required. Section 1272 of the Penal Code provides that: "After conviction of an offense not punishable with death, a defendant who has appealed may be admitted to bail:

"1. As a matter of right, when the appeal is from a judgment imposing a fine only.

"2. As a matter of right, when the appeal is from a judgment imposing imprisonment in cases of misdemeanor.

"3. As a matter of discretion in all other cases."

Rule 32(b) of the Rules on Appeal (see Pen. Code, § 1247k) provides: "An application to the reviewing court for bail or to reduce bail on an appeal pending therein shall be made on such notice to the district attorney and the attorney general as the court may determine, and shall include a showing that proper application for bail or a reduction of bail was made to the superior court and that such court unjustifiably denied the application."

It always has been the law in this state that the discretion referred to in section 1272 of the Penal Code, *supra*, is a discretion conferred upon the trial court where the conviction was had, and is not a discretion conferred upon the appellate courts. (*Ex parte Turner,* 112 Cal. 627 [45 P. 571]; *Ex parte Smith,* 89 Cal. 79 [26 P. 638]; *Ex parte Brown,* 68 Cal. 176 [8 P. 829]; *People* v. *Marshall,* 59 Cal. 386; *People* v. *Hall,* 131 Cal.App. 486 [21 P.2d 455]; *In re Ephraim,* 73 Cal. App. 104 [237 P. 801]; *Frankfort* v. *Superior Court,* 71 Cal. App. 357 [235 P. 60]; *People* v. *Eiseman,* 69 Cal.App. 143 [230 P. 669]; *People* v. *Schwarz,* 79 Cal.App. 98 [248 P. 1043].) Of course, such discretion should not be arbitrarily exercised, and an abuse thereof will be controlled by an appellate court. (*Ex parte Smallman,* 54 Cal. 35; *Ex parte Hoge,* 48 Cal. 3.) The discretion being vested in the trial court where the conviction was had, its exercise by that court will not be disturbed except in an instance of manifest abuse, or where some extraordinary circumstance has occurred since the trial, such as the illness of the defendant, or after discovered evidence which tends to show his innocence. (*In re Burnette,* 35 Cal.App.2d 358 [95 P.2d 684]; *People* v. *Yant,* 26 Cal.App.2d 124 [78 P.2d 1042]; *In re Albori,* 95 Cal.App. 42 [272 P. 321]; *In re Pantages,* 209 Cal. 535 [291 P. 831]; see many cases collected and commented on 3 Cal.Jur. § 9, p. 1034; § 10, p. 1036.) Rule 32(b) above quoted in no way changes the rule of these cases. No showing of any intervening circumstance has been here made.

The rule in other jurisdictions, as contended by petitioner, may be that such applications will be granted almost as a matter of course. Particularly is that so in jurisdictions where the only method by which execution may be stayed is by admission to bail. But in this state execution may be

stayed by a writ of probable cause, the issuance of which writ is governed by entirely different rules than those governing applications for bail after conviction. .

The application for bail pending appeal is denied.

Knight, J., and Ward, J., concurred.