[Crim. No. 2489. First Dist., Div. One. June 27, 1947.]
In re HENRY TORRES, for Bail Pending Appeal.

[Crim. No. 2490. First Dist., Div. One. June 27, 1947.]
In re MIKE SILVERS et al., for Bail Pending Appeal.

Marvin E. Lewis, James A. Himmel, Leslie C. Gillen and John R. Golden for Petitioners.

Fred N. Howser, Attorney General, Clarence A. Linn, Deputy Attorney General, Edmund G. Brown, District Attorney, and Vincent J. Mullins, Deputy District Attorney, for Respondent.

BRAY, J.—These are applications for bail pending appeal after felony convictions.

In the Torres case, the defendant was convicted of conspiracy to violate section 347 of the Penal Code. On May 27, 1947, he was admitted to probation for a period of two years upon condition of confinement in the county jail for a period of 6 months (less time served to date of order of probation) and payment of a fine in the sum of $200.

In the Silvers and Coloretti cases, both defendants were convicted of two counts: 1. Conspiracy to violate section 347 of the Penal Code; and 2. Violation of section 347 of the

Penal Code. Silvers was admitted to probation for a period of 2 years upon condition of confinement in the county jail for a period of 4 months and payment of a fine on each count of $200. Coloretti received a like probationary term except that his term of imprisonment was only 2 months.

On May 27, 1947, all applicants moved the superior court to be admitted to bail pending appeal, which motions were forthwith denied. All applicants have appealed from the respective judgments of conviction, and in their applications here have shown that their appeals are not frivolous.

These applications are made under the provisions of rule 32(b), Rules on Appeal, which reads: "An application to the reviewing court for bail or to reduce bail on an appeal pending therein shall be made on such notice to the district attorney and the attorney general as the court may determine, and shall include a showing that proper application for bail or a reduction of bail was made to the superior court and that such court unjustifiably denied the application."

Petitioners are not entitled to bail as a matter of right but only within the discretion of the court. (Pen. Code, § 1272.) "It always has been the law in this state that the discretion referred to in section 1272 of the Penal Code, *supra*, is a discretion conferred upon the trial court where the conviction was had, and is not a discretion conferred upon the appellate courts. [Citing cases.] Of course, such discretion should not be arbitrarily exercised, and an abuse thereof will be controlled by an appellate court. (*Ex parte Smallman*, 54 Cal. 35; *Ex parte Hoge*, 48 Cal. 3.) The discretion being vested in the trial court where the conviction was had, its exercise by that court will not be disturbed except in an instance of manifest abuse, or where some extraordinary circumstance has occurred since the trial, such as the illness of the defendant, or after discovered evidence which tends to show his innocence." (*People* v. *Davis*, 67 Cal.App.2d 837, 839 [155 P.2d 675].)

The applications here are solely upon the ground of alleged abuse of discretion of the trial court in refusing bail. The question here resolves itself into one proposition: Did the trial court in exercising its discretion in the matter of probation and punishment, determine that the interests of society will be protected by treating the defendants, though convicted of felonies, similarly to persons convicted of misdemeanors, and therefore by analogy, in the matter of bail on appeal, defendants are entitled to be admitted thereto almost as a matter of right?

On appeal from a judgment imposing imprisonment in a misdemeanor case, a defendant is entitled to bail as a matter of right. (Pen. Code, § 1272.) In each instance here the length of probation and the terms of imprisonment and fine were within those which could be granted in case of a misdemeanor conviction. It therefore appears from the record that for those purposes the court believed that the rights of society were well protected, and the ends of justice met, by treating each defendant as if he were convicted of a misdemeanor rather than of a felony. It would seem, therefore, that in the matter of bail on appeal it would be an abuse of discretion to treat them more harshly than they had been treated in the matter of probation and punishment, and more harshly than other men receiving the same probation and punishment, who as a matter of right must be admitted to bail on appeal, are treated. The mere fact that the crime with which they were convicted is a felony rather than a misdemeanor should not deprive them of the right to equal treatment as to bail on appeal with men equally treated as to probation and punishment.

It is true that the statute makes bail on appeal in misdemeanor cases a matter of right, and in felony cases only a matter of discretion, and there will be many cases in which, because of the circumstances or because of additional terms in the probation order, it may be inadvisable to admit the defendant to bail on appeal, even though the length of the probation term and the conditions thereof as to incarceration are within the limits of a misdemeanor case. Here, however, there are no additional terms of probation, and the action of the court indicates that in its judgment no severity greater than that imposed in misdemeanor cases should be imposed.

Petitioners contend that the mere fact that, in all probability, all the jail terms will have been served before a final determination of the merits of their appeal can be obtained constitutes an abuse of discretion in denying bail on appeal. This does not necessarily follow. Take the cases of two men convicted of crimes. One is given a five months' sentence; another a year's sentence. It has frequently been held that the mere fact that a person will have served a large portion of his sentence before his appeal can be heard does not entitle him to bail on appeal. Let us assume for argument's sake, that in the case of the two men illustrated it would take six months to obtain a decision of their appeal. Under petitioners' argument the man who was given only a

five months' sentence would be admitted to bail, but the other man would be denied bail although in the event his conviction was set aside on appeal he would have actually served a month longer than the other man would have, the latter not being admitted to bail.

It is not the fact that the whole or any portion of the sentence would have been unnecessarily served were the conviction set aside that makes it an abuse of discretion in a case like this not to admit the defendants to bail, but rather, the fact that the court in the exercise of its discretion has determined that for certain purposes the cases are analogous to misdemeanor convictions, and hence it is an abuse of discretion not to consider them similarly for purposes of bail on appeal.

In *In re Pantages*, 209 Cal. 535, 536 [291 P. 831], the court said, referring to bail on appeal in felony cases: ". . . the laws of the state should be administered in a humane manner and it is for that reason that the power to grant bail in a proper case is conferred upon courts and judges." It would seem only humane, where the trial court, exercising its discretion and knowing the facts of the case, determined that the circumstances justified the treatment of the defendants similarly to misdemeanants in the important matter of punishment and probation, that it should not deny them the right to bail while the appeal from their convictions is being determined.

Having determined that the defendants are entitled to admission to bail pending appeal, there are two methods of procedure open to us. As in *People* v. *Oreck*, 69 Cal.App.2d 317 [158 P.2d 940], to remand the proceedings to the trial court with instructions to that court to fix bail, or as in *In re Pantages, supra*, for this court to fix the bail. In the interests of justice we have decided to follow the latter procedure.

Accordingly, it is ordered that each petitioner be admitted to bail pending his appeal, in the sum of $1,000 cash, such bail to be deposited with the clerk of this court, and upon such deposit, order of release of petitioners to issue.

Peters, P. J., concurred.