[Crim. No. 848. Fourth Dist. Mar. 24, 1952.]

THE PEOPLE, Respondent, v. DORIS SULLIVAN, Appellant.

Richard E. Adams and A. Brigham Rose for Appellant.

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General, James Don Keller, District Attorney (San Diego), and Cliff Duke, Deputy District Attorney, for Respondent.

GRIFFIN, J.—Applicant was convicted by a jury in the Superior Court of San Diego County on a grand jury indictment charging her with conspiracy to commit acts injurious to public morals and in obstructing justice, a felony. The trial judge imposed a prison sentence after denying her application for probation, denied her motion for new trial, and, after hearing had, denied her application for bail and for stay of execution of the judgment pending appeal. In this court she filed this application to admit her to bail and to stay execution of judgment pending appeal.

The basis of her application is that her conviction was secured on uncorroborated testimony of an accomplice, and that the evidence, as a whole, failed to show any unlawful purpose, and that in the opinion of applicant's counsel the judgment will be reversed on appeal. In support of her application she cites *In re Torres,* 80 Cal.App.2d 579, 582 [182 P. 2d 573]; *In re Adams,* 81 Cal. 163, 164 [22 P. 547]; and *Ex parte Hoge,* 48 Cal. 3.

This application is somewhat similar to the application of her codefendant (see *In re Fishman,* 4 Cr. 847, 109 Cal.App.2d 634 [241 P.2d 603], decided March 6, 1952), except applicant here claims no physical impairment justifying bail, as was advanced by Fishman, and as indicated in *In re Pantages,* 209 Cal. 535 [291 P. 831].

 The trial court's action in reference to her application for bail does not appear to be unreasonable nor does it indicate that the application was unjustifiably denied. There is no abuse of discretion appearing and there is no showing of any extraordinary circumstances occurring since the ruling of the trial court denying her previous application which would authorize this court to enter a different order. (Rule 32(b), Rules on Appeal; *People* v. *Davis,* 67 Cal.App.2d 837, 839 [155 P.2d 675], and cases cited; *People* v. *Eiseman,* 69 Cal. App. 143 [230 P. 669]; *Ex parte Turner,* 112 Cal. 627, 629 [45 P. 571].)

 Applicant is not entitled to a stay of execution of the judgment on appeal as a matter of right in this felony conviction. Rule 32(a) of the Rules on Appeal provides that an application to a reviewing court for a stay of execution of a judgment of conviction on an appeal pending therein shall include a showing that proper application for a stay was made to the superior court, "and that such court *unjustifiably* denied the application. (Italics ours.) We do not have the benefit of what will be a voluminous transcript on

appeal and which is now in preparation, so that we might predetermine the merits of the appeal. We must presume that the trial judge, who presided at the trial, was thoroughly familiar with the evidence produced, the points that might be involved on the appeal and with the merits of the appeal.

■ After conviction of a felony, until the appeal is determined, the presumption is that the defendant was properly convicted. (*In re Burnette*, 35 Cal.App.2d 358, 360 [95 P.2d 684].)

■ There is no sufficient showing here made to controvert this presumption. Accordingly, it cannot be said that the trial court abused its discretion or *unjustifiably* denied the application for stay of execution pending appeal. (*People v. Cox*, 65 Cal.App.2d 712 [151 P.2d 269].)

■ Some complaint is made that the trial court did not give due consideration to the report of the probation officer which recommended that probation be denied, because one or two of the reasons advanced for his recommendations were not "in legal contemplation, grounds for denial of the application." We see no merit to this argument in connection with this application. The trial judge was not bound by any particular reason or reasons advanced by the probation officer recommending against probation, particularly where it is indicated that the court fully considered the application and report in its entirety. (Pen. Code, § 1203.)

Application denied.

Barnard, P. J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 21, 1952. Schauer, J., was of the opinion that the petition should be granted.