[Crim. No. 2699.   Third Dist.   June 28, 1956.]

In re VELVA IRENE McCAUGHAN, For Bail Pending Appeal.

Sutter & Carter for Petitioner.

Edmund G. Brown, Attorney General, Doris H. Maier, Deputy Attorney General, and Ernest LaCoste, Deputy District Attorney, for Respondent.

VAN DYKE, P. J.—This is an application for bail pending appeal from a felony conviction. A jury found petitioner guilty of involuntary manslaughter. The trial court made its order granting probation, and petitioner appealed. (Pen. Code, § 1237, subd. 1.) She applied to the trial court for

bail pending appeal, and it was denied. She now petitions this court to grant bail.

It appears that petitioner at the time of the offense charged was a psychiatric technician employed at the Modesto State Hospital; that she was engaged in force feeding a patient who had refused to eat; that she was being assisted by another technician who became a codefendant, but who was acquitted by the jury at the same trial which resulted in the conviction of petitioner; that the patient died in the course of or soon after the feeding, and that an autopsy showed the presence of partially digested food in her bronchi and trachea causing death by strangulation. It appears to have been the contention of the prosecution that petitioner had been guilty of involuntary manslaughter done either (1) in the commission of an unlawful act not amounting to felony, or (2) in the commission of a lawful act which might produce death, done without due caution and circumspection. In support of the first theory of guilt the prosecution sought to prove a violation of section 361 of the Penal Code (harsh treatment of an insane person) and/or a violation of section 242 (battery), both misdemeanors. In support of the second theory the prosecution sought to prove that the force feeding, if lawful, was negligently done.

Rule 32 (b) of the Rules on Appeal provides that:

"An application to the reviewing court for bail . . . on an appeal . . . shall be made on such notice to the district attorney and the attorney general as the court may determine, and shall include a showing that proper application for bail . . . was made to the superior court and that such court unjustifiably denied the application."

Under section 1272 of the Penal Code, in a case such as this, a discretion is conferred upon the trial court as to whether or not bail should be granted on appeal. The discretion being so vested, its exercise by the trial court will not be disturbed except in an instance of manifest abuse. (*People* v. *Davis,* 67 Cal.App.2d 837, 839 [155 P.2d 675].) We have, therefore, presented by this application a question of whether or not there was abuse of discretion in the trial court's order denying bail.

In the case of *In re Torres,* 80 Cal.App.2d 579 [182 P. 2d 573], it was held that upon the facts there presented it was an abuse of discretion for the trial court to deny bail pending appeal, and it appears to us that this case falls within the scope of this decision. There, the applicant had

been convicted of a violation of section 347 of the Penal Code (placing poison in food or drink with the intent that it be consumed by human beings to their injury). After conviction the court had granted probation for a term of two years, but ordered incarceration in the county jail for six months as one of the conditions of probation. In this case, petitioner has been granted probation for a term of three years, with incarceration in the county jail for one year as a condition thereof. In the Torres case, the court said, at page 581:

"On appeal from a judgment imposing imprisonment in a misdemeanor case, a defendant is entitled to bail as a matter of right. (Pen. Code, § 1272.) In each instance here the length of probation and the terms of imprisonment and fine were within those which could be granted in case of a misdemeanor conviction. It therefore appears from the record that for those purposes the court believed that the rights of society were well protected, and the ends of justice met, by treating each defendant as if he were convicted of a misdemeanor rather than of a felony. It would seem, therefore, that in the matter of bail on appeal it would be an abuse of discretion to treat them more harshly than they had been treated in the matter of probation and punishment, and more harshly than other men receiving the same probation and punishment, who as a matter of right must be admitted to bail on appeal, are treated. The mere fact that the crime with which they were convicted is a felony rather than a misdemeanor should not deprive them of the right to equal treatment as to bail on appeal with men equally treated as to probation and punishment.

"It is true that the statute makes bail on appeal in misdemeanor cases a matter of right, and in felony cases only a matter of discretion, and there will be many cases in which, because of the circumstances or because of additional terms in the probation order, it may be inadvisable to admit the defendant to bail on appeal even though the length of the probation term and the conditions thereof as to incarceration are within the limits of a misdemeanor case. Here, however, there are no additional terms of probation, and the action of the court indicates that in its judgment no severity greater than that imposed in misdemeanor cases should be imposed."

We think the case here is within the embrace of the decision in the Torres case. Factually, there is no substantial

difference. Neither does it appear that the public will be in anywise endangered if petitioner is allowed liberty on bail while she tests on appeal the validity of her conviction. While, of course, we cannot here judge the merits of petitioner's appeal, yet it does appear that the appeal is meritorious in the sense that it presents debatable issues of law. It would serve no useful purpose here to discuss those issues beyond what we have already said.

It appears that pending trial petitioner had been admitted to bail in the sum of $2,500, and it has been suggested here that such a sum would be adequate for bail on appeal. With this suggestion we agree.

It is ordered that petitioner be admitted to bail, pending appeal, in the sum of $2,500, cash or surety, and if surety, then the surety to be approved by the superior court in which the conviction appealed from was had, the security to be lodged with the county clerk of Stanislaus County.

McMurray, J. pro. tem.,* concurred.

*Assigned by Chairman of Judicial Council.