[L. A. No. 24535. In Bank. May 8, 1957.]

CHARLES B. CASE, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Cantillon & Cantillon for Petitioner.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

McCOMB, J.—This is a petition for a writ of mandate to compel the trial court to restore its order setting bail in the sum of $1,000.

CHRONOLOGY

i.  March 29, 1956, petitioner was convicted of grand theft in the superior court.

ii.  May 3, 1956, petitioner filed a notice of appeal from the judgment of conviction, and the trial court fixed bail on appeal in the sum of $5,000.

iii.  January 8, 1957, the District Court of Appeal reversed the judgment of conviction.

iv.  January 9, 1957, the trial court granted petitioner's motion to reduce bail pending appeal to $1,000.

v.  January 15, 1957, the trial court vacated its order reducing bail by a minute order stating that the action was taken "on the grounds of lack of jurisdiction."

vi.  March 5, 1957, this court granted a hearing after decision of the District Court of Appeal and transferred the cause here for further proceedings.

█ This is the sole question presented for our determination: *Did the trial court have jurisdiction to make the order of January 9, 1957, reducing bail pending appeal to $1,000?*

*Yes.* Section 1289 of the Penal Code reads, in part, as follows: "After a defendant has been admitted to bail upon an indictment or information, the Court in which the charge is pending may, upon good cause shown, either increase or reduce the amount of bail."

The foregoing section authorized the trial court to either increase or reduce, for good cause, the amount of bail upon which petitioner could be released pending determination of his appeal from the judgment of conviction. (*Cf. Frankfort* v. *Superior Court,* 71 Cal.App. 357, 360 [2] [235 P. 60]; see, also, 7 Cal.Jur.2d (1953), Bail and Recognizance, § 21, p. 568.) Therefore, the trial court was in error in holding that it lacked jurisdiction to make the order of January 9, 1957, reducing petitioner's bail to $1,000.

The trial court is directed to vacate its order of January 15, 1957. Let a peremptory writ of mandate issue accordingly forthwith.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., and Spence, J., concurred.