[Crim. No. 28272. Second Dist., Div. Four. Apr. 9, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
RUSSELL LAWRENCE McNIFF, Defendant and Appellant.

202

**COUNSEL**

Hecht & Diamond and Roger Jon Diamond for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**OPINION**

**FILES, P. J.**—Defendant has applied to this court for an order setting bail on appeal.

In 1972 defendant pleaded guilty of pimping (Pen. Code, § 266h) and in 1973 was convicted of pandering (Pen. Code, § 266i), both felonies. Proceedings were suspended in both cases and probation was granted for a period of two years, subject to a nunber of conditions, one of which was that he serve 30 days in county jail.

On December 20, 1974, defendant was found in violation. Probation was revoked and reinstated, to expire December 31, 1975, in both cases, upon condition defendant spend another 30 days in jail. Additional conditions related to defendant's employment, and required him to report his income and expenses to the probation officer. On December 24, 1975, the court revoked probation upon the ground defendant had been held to answer upon charges of burglary and receiving stolen property. Following a series of hearings, the court on January 9, 1976, concluded that defendant had violated his probation in a number of respects unrelated to the new felony charges. On that day the court reinstated probation in each case, to expire January 9, 1978, upon condition defendant serve five months in the county jail. Defendant has filed an appeal in each case from the order made January 9, 1976.

At the time the order was made defendant's counsel filed a notice of appeal and asked the court to release the defendant on his own recognizance or fix bail. The court denied the requests.

Later defendant filed a written notice of motion for an order setting bail on appeal, which was heard and denied on February 10. A reporter's transcript of the February 10 hearing has been lodged with the application for bail in this court.

At the February 10 hearing the superior court denied bail upon the ground it lacked jurisdiction and also on the merits.

The trial court apparently believed that it lacked jurisdiction to set bail on February 10 because it had denied bail on January 9 and the Court of Appeal had also denied bail on January 20 and again on February 3. Since bail on appeal is a matter of trial court discretion (Pen. Code, § 1272, subd. 3), there appears to have been no legal obstacle to the

superior court's setting bail on February 10 if at that time the court was persuaded that circumstances justified it. ■ We therefore turn to a review of the trial court's decision on the merits.

Penal Code section 1272 provides that a defendant who has appealed a felony conviction may be admitted to bail "as a matter of discretion."

The Supreme Court has held that in exercising discretion under section 1272 the superior court "'may consider (1) the likelihood of the defendant's flight, (2) the potential danger to society posed by the defendant's release, and (3) the frivolousness or lack of diligence in defendant's prosecution of his appeal; . . . .'" (*In re Podesto* (1976) 15 Cal.3d 921, 933 [127 Cal.Rptr. 97, 544 P.2d 1297]. Accord: *In re Scaggs* (1956) 47 Cal.2d 416 [303 P.2d 1009]; *In re Brumback* (1956) 46 Cal.2d 810 [299 P.2d 217].)

*In re Podesto, supra,* 15 Cal.3d 921, 938, decided January 27, 1976, requires that trial courts "should render a brief statement of reasons in support of an order denying a motion for bail on appeal. . . . Such a statement need not include conventional findings of fact; all that is required 'is that the basis for the order be set forth "with sufficient specificity to permit meaningful review." ' "

The minutes of the superior court for February 10, 1976, simply show that the motion for bail "is argued and denied." The reporter's transcript of the hearing reveals a specific and detailed articulation of the superior court's reasoning. The *Podesto* opinion doubtless contemplates a statement of reasons in the minutes so that all concerned may read them without the preparation of a reporter's transcript. Nevertheless, where the reporter's transcript shows that the judge complied with the rule, it is idle to criticize the deficiency in the clerk's minutes.

In summary, the trial court's reasons amounted to this: (1) the probation report indicated an intentional and continuing course of conduct in violation of probation which appeared likely to continue unless dealt with by prompt incarceration; and (2) the appeal from the orders revoking and reinstating probation were frivolous.

We have not reviewed the record on appeal for the purpose of passing upon the merits of the appeal. The probation report has not been brought up either as a part of the record on appeal or as a part of the application for bail. We have reviewed the reporter's transcript of the

February 10 hearing and are aware of the procedural history shown in the record on appeal. The trial court was entitled to consider that the defendant had received an extended violation hearing at which oral testimony had been taken, and that the issues of law arguable on an appeal from a violation order are so limited that reversals are relatively rare. The court was also entitled to consider that a probationer who has intentionally violated his probation may, if released without punishment, represent a greater risk of further antisocial conduct than one who has not been tested on probation. It is sufficient to say now that the record does not show that the superior court abused its discretion in denying bail on appeal.

■ Defendant contends that since he has been committed to the county jail, bail is a matter of right, citing *In re Torres* (1947) 80 Cal.App.2d 579 [182 P.2d 573] and *In re McCaughan* (1956) 142 Cal.App.2d 690 [298 P.2d 871]. Both of those cases drew an analogy between a person serving jail time as a condition of felony probation and a person serving a jail term for a misdemeanor conviction; and each held that the denial of bail on appeal to the felony probation was an abuse of discretion.

We do not construe those cases as establishing an absolute rule to be applied mechanically in every case in which a person convicted of a felony is committed to jail as a condition of probation. Both *Torres* and *McCaughan* were decided before the Supreme Court in *Brumback* had delineated the principles governing trial court discretion. We think the significance of the *Torres* decision is that, generally speaking, where the trial court has found that the defendant is worthy of probation, subject to a jail commitment, the circumstances will also warrant a release on bail pending appeal.

The *McCaughan* opinion, while relying upon *Torres* as precedent, expressly found that the defendant's appeal presented debatable issues and that the public would not be endangered by his release. The case at bench arises out of facts very different from anything considered or discussed in *Torres* or *McCaughan.*

The application for bail on appeal is denied.

Kingsley, J., and Jefferson (Bernard), J., concurred.

A petition for a rehearing was denied April 29, 1976, and appellant's petition for a hearing by the Supreme Court was denied June 2, 1976.