[No. 10,169.]

## Ex Parte JOHN J. MARKS.

Bail in Criminal Case Pending an Appeal. — The rule laid down in Hoge's case (48 Cal. 5), in relation to admitting a prisoner to bail after his conviction, and pending an appeal, has been modified by section 1,243, of the Penal Code. Under the provisions of said section, bail should not be allowed, except by a Judge of the Court in which the conviction was had, or by a Justice of the Supreme Court, and then only where circumstances of an extraordinary character have intervened.

Application to be admitted to bail pending an appeal to the Supreme Court.

The petitioner was convicted on the 22d day of May, 1875.

The other facts are stated in the opinion.

The case was heard by Mr. Chief Justice Wallace.

*Hall McAllister*, for the Petitioner.

*Attorney-General Love* and *J. D. Murphy*, for the People.

By WALLACE, C. J.:

The petition in this case sets forth that the prisoner, in the Municipal Criminal Court, has been adjudged to suffer imprisonment in the State Prison for the crime of embezzlement, of which crime he was convicted upon trial had in that Court; that he has in good faith taken an appeal from the judgment; and that by reason of errors committed, by which his substantial rights were injuriously affected at the trial, he is advised by his counsel and verily believes that the judgment against him will be reversed by the Supreme Court. He alleges that he is pecuniarily able, and is willing to furnish bail, pending the appeal.

It appears by the return to the writ that the prisoner has been adjudged by the Municipal Criminal Court to suffer imprisonment in the State Prison for the term of seven years.

The statute (Penal Code, Sec. 1,272), provides, as was formerly provided, that in such a case as this, the prisoner may be admitted to bail, not as a matter of right, but only as a matter of discretion. Its language is as follows:

"Section 1,272.—After conviction of an offense not punishable with death, a defendant who has appealed may be admitted to bail, 1st, as a matter of right, where the appeal is from a judgment imposing a fine only; 2nd, as a matter of discretion in all other cases."

In Hoge's case, (48 Cal. R. 5,) in which it appeared that he had been convicted of the crime of assault with a deadly weapon, made upon one Dwyer, I had occasion to observe that the " discretion," in the exercise of which bail was to be allowed or refused, after conviction, was not arbitrary in its character, but should be measured by legal rules, and by reference to the analogies of the law, and to promote substantial justice in the case. In that case, I said that if such a result could be averted by legal means, it was certainly not consonant to the dictates of common humanity, or to received ideas of justice, that the prisoner should be actually undergoing punishment as a criminal, even while the ultimate question of his guilt was yet being

tried through the instrumentality of an appeal afforded by law for that purpose.

It is not to be denied, that in practice, the discretion to admit a prisoner to bail, pending an appeal, has heretofore been habitually exercised, with great liberality. Under the statutes in force previous to the Penal Code, the Courts had no authority to directly stay the proceedings upon appeal taken from judgments in felonies less than capital in degree. The only method by which such a stay could be effected, was by admitting the prisoner to bail, and as cases not infrequently arose in which it could be seen upon inspection of the record, that substantial justice required that the proceedings should be stayed, pending the appeal, admission to bail followed almost as of course, when the prisoner was pecuniarily able to furnish bail.

But an important alteration of the law in this respect has been lately wrought by the Penal Code, which must operate in a great measure to change the practice heretofore prevailing. By Section 1,243 of that Code, as lately amended, it is provided as follows: "An appeal to the Supreme Court from a judgment of conviction stays the execution of the judgment in all capital cases, and in all other cases, upon filing with the clerk of the Court in which the conviction was had, a certificate of the Judge of such Court, or of a Justice of the Supreme Court, that in his opinion, there is probable cause for the appeal, but not otherwise."

In their annotation of this section of the Penal Code, adverting to the salutary change effected by it, the Commissioners remark as follows: "Hoge's case illustrates the evil of the rule existing prior to the Code. No Court could have stayed the execution of the sentence. Yet, upon the appeal, the judgment was reversed from the bench. The defendant was admitted to bail pending the appeal, and thus the punishment was averted; but whether it could be averted or not, depended solely upon his ability or inability to give bail. The law discriminated in favor of the rich, and against the poor and friendless," etc.

As the proceedings in execution of the sentence in a

criminal case may now be stayed pending an appeal, without the necessity of admitting the prisoner to bail, it is apparent that the ends of justice no longer require applications of this character to be viewed with the degree of liberality formerly prevailing. Courts are no longer compelled to choose between remitting a prisoner to punishment before final conviction upon the one hand, and setting him at large upon bail pending his appeal upon the other. The prisoner is sufficiently protected pending the appeal by the certificate of probable cause, and the interests of public justice better secured by his detention to abide the judgment of the Appellate Court upon the case. In this connection my attention was called to a case, said by one of the counsel at the argument, to have lately occurred in this city. It was stated that one Ensign had been convicted of the crime of burglary, and adjudged to be imprisoned in the State Prison for the term of four years, and that upon his taking an appeal to the Supreme Court, he had been admitted to bail by the County Court in the sum of twenty-five hundred dollars. If the fact be as stated, it is probable that the attention of the Judge who admitted him to bail, was not called to the provision of the Penal Code hereinbefore referred to; for, inasmuch as the order admitting him to bail necessarily operated a stay of proceedings in the case, it would seem that the application to be admitted to bail ought to have been made only to some judge who had authority to stay the proceedings by granting a certificate of probable cause.

I think that upon the true construction of the statute (in view of the provision which authorizes a stay of proceedings pending an appeal in a criminal case upon certificate of probable cause), bail upon appeal should not be allowed, except by a judge authorized to grant a certificate, and then only in cases where circumstances of an extraordinary character have intervened.

In the present case no such circumstances are shown.

It results that the prisoner must be remanded, and it is so ordered.