[Crim. No. 612. In Bank.—January 29, 1900.]

## In re BERNARD WARD, on Habeas Corpus.

CRIMINAL LAW — CONVICTION OF EMBEZZLEMENT—PROBABLE CAUSE FOR
APPEAL—ILLNESS OF DEFENDANT—HABEAS CORPUS — ADMISSION TO
BAIL.—Where probable cause appears for an appeal from a judgment
of conviction of embezzlement, the affidavits of reputable physi-
cians, including the affidavit of one physician agreed upon by
the district attorney and the defendant, showing that his ill-
health is such that confinement in jail pending the appeal
would endanger his life, the circumstances are of such an ex-
traordinary character that it is a proper exercise of discretion
upon *habeas corpus* to admit the defendant to bail pending the
appeal.

HABEAS CORPUS in the Supreme Court for admission of
the defendant to bail pending an appeal from a judgment of
the Superior Court of the City and County of San Francisco.
Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

Frank McGowan, for Petitioner.

THE COURT.—The petitioner was on the second day of De-
cember 1899, convicted of a felony in the superior court of the
city and county of San Francisco, to wit, of embezzlement. A
judgment was rendered against him that he be imprisoned in
the state's prison at San Quentin for the term of seven years.
From this judgment he has taken an appeal, and a certificate
of probable cause was granted him by the judge of the court in
which he was convicted. He made application to said court
to be allowed to give bail pending the appeal, and the applica-
tion was by said court denied. He is now before this court
on *habeas corpus* for the purpose of being allowed to give such
bail. Upon the hearing he produced the certificates and affi-
davits of three respectable physicians, in all of which it is stated
that he is suffering with chronic catarrh and asthma, and that
confinement in jail would be injurious to his health, and in one
of which it is stated that "confinement in jail is injurious to
his health and endangers his life." At the hearing there was

the additional testimony of Dr. James H. O'Connor, a reputable physician, who testified very fully as to the condition of the petitioner, and stated very positively that, from his frequent examinations of the petitioner, his opinion was that confinement in the jail under the conditions there existing would, if continued two or three months, result fatally. At this hearing, which was on January 13, 1900, it was stated by an attorney who represented the district attorney's office that petitioner and his counsel had refused to allow any physician selected by the district attorney to examine petitioner. As this statement was not denied (the main counsel for the petitioner being absent), it was suggested by the court that the case would be continued to allow an examination of the petitioner by some physician selected by the district attorney. Afterward, a stipulation was entered into by the district attorney and the attorney for petitioner that Dr. J. G. Morrissey was a physician satisfactory to both parties, and that said physician "may make and file his affidavits herein showing the physical condition of Bernard Ward, petitioner herein." Such an examination was afterward made by Dr. Morrissey, and his affidavit has this day been presented to the court, and is as follows:

"I am now, and during all the times hereinafter mentioned was, the city physician in and for the city and county of San Francisco, state of California. I made a physical examination of Bernard Ward, the defendant in the above-entitled matter, at the county jail in the said city and county, on the nineteenth day of January, 1900. I find said defendant to be suffering from asthma and his lungs are involved, and the physical conditions now existing at said county jail, where said Ward. is now incarcerated, are such that further confinement of said Ward at said jail is fraught with serious impending danger to his health. The balance of chances is that, if said Ward shall continue to be confined for a period of three months or more in said county jail, a fatal result will ensue."

We think that in this case circumstances of an extraordinary character appear, within the meaning of former decisions of this court, and that it is a proper exercise of discretion to admit petitioner to bail pending the appeal. It is therefore ordered that the petitioner be admitted to bail, pending his appeal, in

the sum of seven thousand dollars, the undertaking to be approved by the judge of the superior court in which he was convicted; and that upon the giving of such an undertaking, approved by said judge, the petitioner be discharged from custody.