[Crim. No. 1262.   First Appellate District, Division One.—April 30, 1925.]

THE PEOPLE, Respondent, v. W. K. EPHRAIM, Appellant.

[1] CRIMINAL LAW — CONVICTION OF FELONY — PENDING APPEAL — ADMISSION TO BAIL—DISCRETION—EVIDENCE.—Where a defendant has been convicted of felony, an application for an order for admission to bail pending appeal is one within the sound discretion of the trial court; and on this application made to the appellate court for an order admitting the defendant to bail, after denial of such an order by the trial court, there is nothing in the record to show that the discretion vested in the trial court was in any manner abused or arbitrarily exercised.

[2] ID.—CERTIFICATE OF PROBABLE CAUSE—EFFECT OF UPON RIGHT TO BAIL.—The mere issuance of a certificate of probable cause is not alone sufficient grounds for admission to bail, pending the appeal, as such certificate has become such a matter of common occurrence that the appellate court would not be warranted in considering it either as evidence of illegal conviction or of the existence of reversible errors.

[3] ID.—BAIL—APPEAL.—The appellate court ought not to admit to bail after a conviction of a felony and pending appeal, except where circumstances of an extraordinary character have intervened since the conviction; and on this application for admission to bail no such circumstances appear.

[4] ID.—DISCRETION.—An application of admission to bail after conviction of a felony and pending appeal is addressed to the sound discretion of the trial court, and its determination should not be disturbed or ignored except in an instance of manifest abuse.

---

(1) 6 C. J., p. 968, n. 55.   (2) 6 C. J., p. 970, n. 63.   (3) 6 C. J., p. 969, n. 59.   (4) 6 C. J., p. 987, n. 80; 17 C. J., p. 228, n. 24.

1.  See 3 R. C. L. 15.

APPLICATION for admission to bail after conviction of felony and pending appeal. Application denied.

The facts are stated in the opinion of the court.

Thomas Y. Califro and John D. Harloe for Petitioner and Appellant.

U. S. Webb, Attorney-General, Wm. F. Cleary, Deputy Attorney-General, Earl Warren, District Attorney, Charles Wade Snook, Assistant District Attorney, and Edwin A. Heafey, Deputy District Attorney, for Respondent.

TYLER, P. J.—Application for an order admitting defendant to bail pending appeal.

Petitioner was informed against by the district attorney of Alameda County with the crime of felony, to wit, embezzlement.

He was tried and found guilty.

Thereafter on March 7, 1925, an appeal was duly taken from such conviction and on March 9, following, the superior court made and filed its certificate of probable cause. Thereafter application was made to the superior court for an order of bail pending the appeal. The petition alleges that the court denied the application upon the sole ground that it was not the practice of said court to allow bail in cases where the matter was one of discretion with the court.

Assuming that the motion was properly presented to the lower court, the denial thereof was in effect an exercise of this discretion. Section 1272 of the Penal Code declares when a defendant, after conviction and pending appeal, may be admitted to bail; that section provides that bail may be allowed (1) As a matter of right, when the appeal is from a judgment imposing a fine only; (2) As a matter of right, when the appeal is from a judgment imposing imprisonment in cases of misdemeanor; (3) As a matter of discretion in all other cases.

[1] The defendant having been convicted of a felony, the application was one within the sound discretion of the court, and there is nothing in the record before us to show that the discretion vested in the court was in any manner abused or arbitrarily exercised. [2] The mere issuance of a certifi-

cate of probable cause is not alone sufficient grounds for admission to bail, pending the appeal, as such certificate has become such a matter of common occurrence that the appellate court would not be warranted in considering it either as evidence of illegal conviction or of the existence of reversible errors. (*People* v. *Cornell,* 28 Cal. App. 654 [153 Pac. 726].) **[3]** It is a settled rule in this state that the appellate court ought not to admit to bail after a conviction of a felony and pending appeal, except where circumstances of an extraordinary character have intervened since the conviction. (*Ex parte Turner,* 112 Cal. 627 [45 Pac. 571].) No such circumstances here appear.

**[4]** Moreover, applications of this character are, as above indicated, addressed to the sound discretion of the trial court, and its determination should not be disturbed or ignored except in an instance of manifest abuse, and no such abuse here appears. (*In re Preciado,* 30 Cal. App. 323 [158 Pac. 1063].)

The application is denied.

Knight, J., and Cashin, J., concur.