[Crim. No. 1276. First Appellate District, Division One.—June 2, 1925.]

## In the Matter of the Application of W. K. EPHRAIM for a Writ of Habeas Corpus.

[1] Criminal Law — Conviction of Felony — Appeal — Release on Bail—Discretion—Habeas Corpus.—In this proceeding in *habeas corpus* to secure the release of petitioner on bail pending appeal, after conviction of a felony, the application presented no circumstances of an extraordinary character intervening since the conviction, such as to justify the appellate court in interfering with the action of the trial court in denying petitioner's application for release on bail pending his appeal.

---

(1) 6 C. J., p. 966, n. 39, p. 967, n. 46 New, p. 969, n. 55, p. 970, n. 63; 29 C. J., p. 95, n. 92 New.

1. See 3 Cal. Jur. 1035; 3 R. C. L. 15.

APPLICATION for a Writ of Habeas Corpus to secure the release of petitioner on bail pending appeal. Denied.

The facts are stated in the opinion of the court.

T. T. Califro and Julian H. Biddle for Petitioner.

TYLER, P. J.—The applicant herein heretofore on April 23, 1925, filed in this court an appeal from an order denying him bail after conviction of a felony. (*People* v. *Ephraim*, 72 Cal. App. 479 [237 Pac. 801].)

[1] It appeared therein that the superior court had made and filed a certificate of probable cause but denied the application for bail pending appeal upon the sole ground, so it was alleged, that it was not the practice of the court to allow bail in cases where the matter was one of discretion with it. In the opinion rendered by this court it was held that the denial of the motion was in effect an exercise of this discretion. It was there pointed out that section 1272 of the Penal Code declares when a defendant after conviction and pending an appeal may be admitted to bail, and that the appellate court ought not to interfere after a conviction of a felony and pending appeal, except where circumstances of an extraordinary character have intervened since the conviction.

The present application presents no such circumstances and it is therefore denied.

Knight, J., and Cashin, J., concurred.