[Crim. No. 1806. Second Appellate District, Division Two.—August 14, 1929.]

THE PEOPLE, Respondent, v. ASA KEYES, Appellant.

Milton Cohen and Paul W. Schenck for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

WORKS, P. J.—The defendant was convicted of a criminal charge and has appealed to this court from the judgment rendered against him. Meanwhile he is confined in the county jail, and he now moves that he be admitted to bail pending the determination of his appeal, because of threatened danger to his health by reason of his incarceration.

Respondent contends that we are without jurisdiction to grant the motion for the reason that section 1291 of the Penal Code provides that a "defendant may be admitted to bail upon an appeal" by an order "made by any magistrate having the power to issue a writ of *habeas corpus*, or by the magistrate before whom the trial was had," while section 808 of the same code, providing what persons are magistrates, does not set down justices of the District Court of Appeal in the list of justices and judges contained in it. We find it unnecessary to decide this question.

Granting for the sake of argument that we possess the power here invoked by appellant, it can be exercised only where "there is such imminence of dangerous results to the life or health of the defendant as to obviously require his removal from the county jail" at the time his application for admission to bail is made (*Ex parte Turner*, 112 Cal. 627 [45 Pac. 571]; see, also, *People* v. *Cornell*, 28 Cal. App. 654 [153 Pac. 720]; *People* v. *Eiseman*, 69 Cal. App. 143 [230 Pac. 669]). The motion now before us is based upon the affidavits of five physicians and a dentist. After referring to

minutely conducted physical examinations of appellant and to the results obtained therefrom, the physicians summarize their views as to the probable effect of his present confinement upon appellant. The first of them says that appellant's "condition is such that unless he is permitted to have medical and surgical attention urgently required and unavailable under jail facilities his condition will steadily deteriorate and will result in great permanent and irreparable injury to his health." There is no showing here of an immediately imminent danger to appellant's material well-being. It is said, it is true, that certain medical and surgical attention is "urgently required" by him, but the only effect of his failure to obtain it will be that "his condition will steadily deteriorate and will result" in permanent and irreparable injury to his health. It is plain from this that no permanent injury has yet supervened. Moreover, how long will it be that appellant's condition "will steadily deteriorate" before a permanent injury to his health "will result"? Is it to be ten days, or six months, or a year? We are not informed. This showing is plainly insufficient. Two of the other physicians state their conclusions in language identical with that above quoted from the first of the five, except that one of them omits the words "permanent and." The remaining two physicians offer their opinions in language which is practically the same in effect. The dentist says that the condition of appellant's teeth is such that it will "cause a progressive deterioration of Mr. Keyes' health and is likely to result in permanent and irreparable injury to his health unless said condition be remedied."

Motion for admission to bail denied.

Craig, J., concurred.

Thompson (Ira F.), J., being absent, did not participate in the foregoing opinion.