[Crim. No. 3096.   Second Appellate District, Division One.—April 26, 1938.]

THE PEOPLE, Respondent, v. MILFRED R. YANT, Appellant.

Eugene L. Wolver, David Coleman and Louis Miller for Appellant.

Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

THE COURT.—This proceeding is in the nature of an application for admission to bail pending a determination of petitioner's appeal. It was commenced by a petition, general and formal in its terms, accompanied by an affidavit and a transcript of proceedings had at the time a similar application was made to the trial court following appellant's conviction. Points and authorities were submitted in support of the petition and the matter was orally argued and submitted. The affidavit and testimony contain statements concerning the effect likely to be wrought upon petitioner's health by his imprisonment. The only resultant statements

in the affidavit and testimony are that since his incarceration appellant's health has been seriously impaired and that it is believed that his present condition and the injury to his health is such that it will be dangerously affected by further imprisonment.

The showing here made is utterly insufficient to support the application for admission to bail. Such an application, made after appeal, should be allowed "only in cases where circumstances of an extraordinary character have intervened". (*Ex parte Marks*, 49 Cal. 680.) The only "circumstances" intervening since conviction, taking the entire case made by appellant, are disclosed by some of the statements contained in the affidavit concerning the state of his health, but that showing is insufficient. In *Ex parte Turner*, 112 Cal. 627 [45 Pac. 571], it was said: "There is nothing in the case showing the intervention of any such extraordinary circumstance as would justify holding that the application was improperly denied by the judge of the trial court. The evidence does not show that there is such imminence of dangerous results to the life or health of the defendant as to obviously require his removal from the county jail at this time." For a review of the authorities upon the question of the effect of confinement upon health as requiring admission to bail pending appeal, see *People* v. *Cornell*, 28 Cal. App. 654 [153 Pac. 726].

In the instant case, should more serious consequences of his confinement hereafter manifest themselves, such as to render it proper that bail should be allowed, there is nothing to preclude another application for the purpose.

The application for admission to bail is denied without prejudice.