[Crim. No. 2348. First Dist., Div. One. Apr. 4, 1945.]

THE PEOPLE, Respondent, v. HENRY E. BARTON, Appellant.

James Martin MacInnis for Petitioner.

Edmund G. Brown, District Attorney, and Norman Elkington, Assistant District Attorney, for Respondent.

WARD, J.—Petitioner applies to this court for bail pending his appeal from a judgment of conviction of the crime of manslaughter. He asked for and was refused bail by the trial court. The present application is directed to the original jurisdiction of this court. (Pen. Code, § 1291; rule 32(b), Rules on Appeal.) Counsel for petitioner and the district attorney stipulated that the evidence offered in the superior court might be examined by this court in lieu of affidavits of merit or other original evidence. This method of presenting the application is more in the nature of an appeal than an address to the original jurisdiction of the court.

Petitioner was charged with murder in the first degree and convicted of manslaughter. He was incarcerated on or about September 5, 1944. Judgment of conviction was rendered against him on or about February 2, 1945. On February 13, 1945, petitioner applied to the superior court for bail on appeal. The evidence upon which the superior court denied bail, and which is now before this court, consists of conflicting testimony and affidavits as to whether or not petitioner's health would be endangered by immediate incarceration in the State Penitentiary at San Quentin. The testimony and affidavits of doctors presented by petitioner reveal that in their opinion he is suffering from anxiety neurosis, tremors, high blood pressure, and possibly ulcers. They believe that immediate

confinement in San Quentin would be hazardous to his health.

In opposition is the testimony of Dr. Harry W. Davis, who examined petitioner for the People. He found that except for tremors petitioner's physical condition was normal, and that nothing in petitioner's mental condition would lead him to conclude that he was suffering from an anxiety neurosis. In his opinion imprisonment was not immediately dangerous to petitioner's health. Dr. Mervyn Hirschfeld, who also examined petitioner for the People, stated in an affidavit that while petitioner was an emotionally unstable individual, he had shown no difficulty in adjusting himself to the routine of the county jail and that he would anticipate no serious consequences from his transfer from one penal institution to another. The record shows that during the entire time petitioner has been confined in the county jail his name has not appeared on the sick list, nor has he or anyone on his behalf called his alleged illness to the attention of the jail physician. The People also introduced an affidavit from the psychiatrist at San Quentin stating that the prison was equipped with the personnel and physical facilities to handle cases of anxiety neurosis.

This court recently passed on an application for bail in *People* v. *Davis,* 67 Cal.App.2d 837 [155 P.2d 675], wherein it was said (p. 839): "It has always been the law in this state that the discretion referred to in section 1272 of the Penal Code, *supra,* is a discretion conferred upon the trial court where the conviction was had, and is not a discretion conferred upon the appellate courts. [Citing cases.] Of course, such discretion should not be arbitrarily exercised, and an abuse thereof will be controlled by an appellate court. [Citing cases.] The discretion being vested in the trial court where the conviction was had, its exercise by that court will not be disturbed except in an instance of manifest abuse, or where some extraordinary circumstance has occurred since the trial, such as the illness of the defendant, or after discovered evidence which tends to show his innocence. [Citing cases.]"

Petitioner believes that the case of *In re Pantages,* 209 Cal. 535 [291 P. 831], is controlling, and that under the decision therein he is entitled to the relief he asks for. The Supreme Court granted bail on appeal to Alexander Pantages after it had been denied by the trial court and by the District Court of Appeal. Pantages had been convicted of a felony and upon his conviction incarcerated in the Los Angeles County Jail. Five physicians, including the jail physician, testified that

Pantages was suffering from heart attacks and that if he continued to be kept in jail his health and even his life would be endangered. Two physicians filed affidavits in opposition. Both of them admitted that Pantages suffered from a heart condition but stated that adequate treatment could be obtained in the jail. The court granted the application for bail because the overwhelming weight of evidence indicated that Pantages' condition was serious and that his surroundings endangered his life.

The present application is not controlled by the Pantages decision. ■ As stated in the Davis case, *supra,* the determination of the trial court in an application for bail on appeal will not be disturbed except in an instance of manifest abuse, or unless some extraordinary circumstance has occurred since the trial, such as the illness of the defendant. Pantages had been incarcerated some eight months after he had been convicted before he was granted bail by the Supreme Court. The illness which secured him his conditional freedom had occurred since his conviction and confinement. ■ Petitioner in the present case applied to the trial court for bail twelve days after judgment of conviction. There is no showing that his nervous condition and physical disorders developed in the twelve days following his conviction, although they may have become somewhat accentuated. On the contrary, the facts indicate that the ''nervous breakdown'' which petitioner claims he will suffer should he be confined in the state penitentiary would be only one more manifestation of the emotional instability which caused his discharge from the United States Navy and the commission of the very crime for which he is now being punished.

It is clear from the discussion of the facts in this case that the trial court did not abuse its discretion in denying petitioner bail. Were we to exercise our independent judgment in this matter we would also deny the application on its merits. However, we need not consider that question. ■ When a person applies for bail, immediately after conviction, on the ground of illness and makes the same showing in both the superior and appellate courts, the higher court can do no more than determine whether or not the lower court has exercised its discretion arbitrarily.

Petitioner's application for bail on appeal is therefore denied.

Peters, P. J., and Dooling, J. pro tem., concurred.