[Crim. No. 2358. First Dist., Div. One. May 25, 1945.]

THE PEOPLE, Respondent, v. EDWARD ORECK et al., Appellants.

Stern & Grupp for Appellants.

Edmund G. Brown, District Attorney, Norman Elkington, Assistant District Attorney, for Respondent.

WARD, J.—The proceeding herein is designated as an "Application for Order Fixing Bail on Appeal, etc." The defendant was convicted of violating Penal Code section 337a relative to bookmaking. That section applies to registering bets, holding stakes, etc., on purported contests of skill, speed, etc., of man or beast or in the use of mechanical apparatus upon the result of a contingent event. The penalty attached to a violation of the section is "imprisonment in a county jail or state prison for a period of not less than thirty days and not exceeding one year."

The application shows that "Judgment and sentence of said Court was entered sentencing said defendants and each of them to imprisonment in the County Jail, for a period of twelve months, 'one day suspended.' " Notice of appeal on behalf of each defendant was given, and a request to fix bail, pending appeal, "was refused by the court."

The trial court in its discretion could have imposed a judgment of imprisonment in the state prison or in the county jail. (Pen. Code, § 337a.) Penal Code section 17 provides: "When a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison." The punishment imposed in this case was "other" than imprisonment in the state prison and accordingly is "deemed a misdemeanor."

After conviction and "upon appeal" bail is "a matter of right, when the appeal is from a judgment imposing imprisonment in cases of misdemeanor." (Pen. Code, § 1272.)

The application to this court is to "fix" bail. Appellate courts may, under extraordinary circumstances involving the health of an accused, fix bail (*In re Ward*, 127 Cal. 489 [59 P. 894, 47 L.R.A. 466] ; *In re Pantages*, 209 Cal. 535 [291 P. 831] ), or when excessive bail has been required (Cal. Const., art. I, § 6). Pending appeal, the determination of the amount ordinarily should be addressed to the trial court. (*In re Preciado*, 30 Cal.App. 323 [158 P. 1063] ; *People* v. *Goddard*, 83 Cal.App. 40 [256 P. 440].) The trial judge is in a better position than members of an appellate court to fix the amount. The law and the facts are fresh in the mind of the trial judge. He has an opportunity to observe the conduct of the accused and to consider factors too numerous to mention herein, in addition to the matters that may be considered as set forth in Penal Code section 1275, that play a part in ascertaining an amount that will insure the presence of the accused when required.

We have considered the various theories set forth in the brief of the district attorney offered in support of the trial court's action but find they are all without merit as applied to the facts herein.

The proceeding is remanded to the trial court with instructions to that court to fix bail as provided by law.

Peters, P. J., and Knight, J., concurred.