[Crim. No. 19887. Second Dist., Div. Four. Apr. 2, 1971.]

In re H. F. ROBINSON on Habeas Corpus.

COUNSEL

Edward L. Lascher and Richard E. Rader for Petitioner.

No appearance for Respondent.

OPINION

KINGSLEY, J.—Petitioner was convicted in the Superior Court of Ventura County on six counts of a 21-count indictment charging him with violations of section 165 of the Penal Code and has been sentenced thereon. He has duly filed a notice of appeal from that conviction. He applied to the trial court for a stay of execution and for release on his own recognizance. The application was denied; he has renewed it here by the petition now before us.

The application was argued and considered at some length in the trial court. In denying the application, the trial court said: "I do not find and I do not believe that the present appeal is frivolous or vexatious. . . . Although I do not grant the motion for either a stay or bail pending appeal, if the motion were granted to stay the execution pending appeal, the facts and circumstances of this case are such that it would be proper to release the defendant upon his own recognizance without bail of any kind or a bail bond in any amount being required."

Other matters, by way of petitions for writs to secure interlocutory review of some alleged trial errors, have previously been before this court. The trial court's finding that the present appeal is not frivolous is clearly correct; it presents serious issues on which a reasonable difference of mind can exist.

The Supreme Court has pointed out that the trial court "should recognize that the primary purpose of bail, before or after conviction, is practical assurance that defendant will attend upon the court when his presence is required." *In re Brumback* (1956) 46 Cal.2d 810, 813 [299 P.2d 217]. Here, the statements of the trial court indicate it found there is no danger that the defendant will try to escape. Nor does it appear that there is any danger that the defendant will have the opportunity to commit similar criminal offenses pending appeal, he having been removed from office upon conviction.

Punishment by imprisonment at this time is irremediable and irreversible even though the conviction may be reversed on appeal. The law

which gives defendant the right of appeal likewise indicates the propriety of release in this case where the reasons ordinarily relied upon for denying bail on appeal are found to be absent. In view of the trial court's findings, we conclude that it abused its discretion in denying the application.

IT IS ORDERED: That petitioner be released on his own recognizance, on filing with the Superior Court of Ventura County the agreement required by section 1318.4 of the Penal Code.

Files, P. J., and Jefferson, J., concurred.