[No. D022093. Fourth Dist., Div. One. Feb. 2, 1995.]

In re MURRAY WEINER on Habeas Corpus.

**COUNSEL**

Jan Stiglitz, under appointment by the Court of Appeal, for Petitioner.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Edwin L. Miller, Jr., District Attorney, Richard J. Neely, Assistant District Attorney, Brian E. Michaels, Chief Deputy District Attorney, Thomas F. McArdle and James E. Atkins, Deputy District Attorneys, for Respondent.

**OPINION**

**BENKE, Acting P. J.**—Does the filing of an appeal by the People constitute a changed circumstance entitling the defendant to a bail review under Penal Code[1] section 1275? Under the facts of this case, we answer that question in the negative and deny the petition.

---

[1]All statutory references are to the Penal Code unless otherwise specified.

## Background

After jury trial with Judge Napoleon Jones presiding, Murray Weiner (Weiner) was convicted of first degree murder with personal use of a firearm. After arraignment, bail had been set at $250,000. Weiner posted bail and later failed to appear at his preliminary examination. The court issued a no-bail bench warrant and shortly thereafter Weiner appeared on the warrant and was held without bail. After a bail review hearing, bail was set at $2 million.

After Weiner's conviction, the trial court on its own motion remanded Weiner to custody without bail. One month later, Weiner moved for new trial on the basis of newly discovered evidence, i.e., a third party confession to the murder. Judge Jones granted a new trial. At Weiner's next court appearance, he requested a bail review. The presiding judge heard the motion and set bail at $2 million.

The People later appealed the grant of new trial. Weiner moved to set "reasonable bail" pending the People's appeal. The People opposed the motion, inter alia, on the grounds the only change of circumstances was their having filed an appeal. Judge Jones concluded an appeal by the People was not a changed circumstance allowing the court to reconsider bail, stating:

"This court is not convinced that there has in fact been a change in circumstance. The fact that the People choose and elect to pursue a remedy by statute they are entitled to pursue does not, in my opinion, create a change of circumstance that was intended by the statute.

"Indeed, if in fact this court had not granted the defendant's motion for a new trial, Mr. Weiner, in any event, would be serving time in custody, so to argue because the motion is granted, that the People then should be penalized because of the granting does not make sense to this court.

"So in the first instance, . . . this court would deny the application, because I don't think that there has been a change of circumstance.

"The bail set previously by Judge Thompson in the amount of two [million], then, would be the bail that would remain." The court further stated, however, that if Weiner was entitled to bail review, bail should be reduced to $750,000.

Weiner petitioned this court for a writ of habeas corpus. We issued an order to show cause and heard oral argument.

## DISCUSSION

Except under limited circumstances, the California Constitution guarantees a pretrial right to release on nonexcessive bail. (Cal. Const. art. I, § 12.) A defendant is entitled to one automatic review of the order fixing the amount of bail and the issue of appropriate bail may be raised at various times throughout the criminal proceedings. (§§ 1270.2, 1269b, 1269c, 1273, 1277, 1476, 1538.5, subd. (k).) The court in setting, reducing, or denying bail must primarily consider the public safety. (§ 1275.) Additionally, the court considers the seriousness of the offense charged, the defendant's criminal record and the probability the defendant will appear for hearings or trial. (*Ibid.*) As to the seriousness of the offense charged, the court, inter alia, considers the alleged injury to the victim, alleged threats to victims or witnesses, the alleged use of a firearm and the alleged use or possession of controlled substances. (*Ibid.*)

After conviction of a noncapital offense, a defendant who has appealed may request the trial court to release him or her on bail. (§ 1272.) Bail is a matter of right in misdemeanor cases and cases where only a fine has been imposed. (*Ibid.*) In all other cases, release on bail is subject to court discretion. (*Ibid.*) However, the court shall order release on bail if the appeal is not for the purpose of delay and raises a substantial legal question that, if decided in the defendant's favor, will likely result in reversal and the defendant demonstrates by clear and convincing evidence both that he or she does not pose a danger to other persons and is unlikely to flee. (§ 1272.1.) Upon application for release on bail pending appeal, the trial court must consider the application on its merits. (See *In re Brumback* (1956) 46 Cal.2d 810 [299 P.2d 217] (*Brumback*).[2])

■ Weiner contends that once the appeal was filed, he had a statutory right to a bail review under section 1272 which had to be considered on its merits pursuant to *Brumback*. He further contends that even in the absence of section 1272, Weiner's age and the dramatic increase in the anticipated time before Weiner would have a new trial were relevant factors that should have been considered entitling him to bail reduction under section 1275. The People, on the other hand, contend that the court need not consider repetitive

---

[2]In *Brumback* the defendant appealed a conviction and applied for bail on appeal pursuant to section 1272. The trial judge denied the application stating he would grant the motion if he had discretion to do so. He concluded, however, he had to deny bail on appeal as there were no "circumstances of an extraordinary character" that had intervened between the jury verdict and the pronouncement of sentence giving him discretion to grant bail. (*Brumback, supra,* 46 Cal.2d at p. 812.) The Supreme Court held that under section 1272 a trial court may grant bail pending appeal without any change in circumstances and the defendant is entitled to have his application considered by the trial court on the merits. (46 Cal.2d at pp. 815-816.)

motions for bail review in the absence of a change of circumstance. According to the People, section 1272 simply does not apply and the court properly denied the request to reduce bail because the filing of an appeal by the People is not a factor to be considered in reducing bail under section 1275.

Section 1272 provides that "a defendant" who has been convicted and "who has appealed" may "be admitted" to bail under certain circumstances. The section is a legislatively prescribed remedy for an appealing defendant and literally does not apply to an appeal by the People. Weiner argues that notions of fairness and justice requires the section to apply whether the appeal is filed by the defendant or the People. We need not decide this issue, however, since the section does not apply in any event.

Section 1272 deals with a defendant being "admitted" to bail upon appeal as did *Brumback*. Here, at the time the appeal was filed Weiner had already been admitted to bail, a bail of $2 million. His motion was simply a motion to reduce that bail under section 1275 because of the delay in the anticipated new trial occasioned by the People filing an appeal.[3] As a motion to reduce bail, the court correctly analyzed the matter as being subject to section 1275. Moreover, in the absence of "unusual or changed circumstances" a court may refuse to consider repetitive applications of the same petition. (See *Griffin* v. *Municipal Court* (1977) 20 Cal.3d 300, 305, fn. 9 [142 Cal.Rptr. 286, 571 P.2d 997]; Code Civ. Proc., § 1008, subd. (b).)

When bail was set at $2 million by the presiding judge, the new trial motion had been granted but the People had not yet appealed. Both parties and the trial court agreed that the only change in circumstance between the time the bail was last set and Weiner's motion was the filing of the appeal and the resulting increase in time that it would take before the defendant would either proceed to new trial or the grant of new trial would be reversed. In setting, reducing, or denying bail, the court must consider the factors set forth in section 1275. The filing of the appeal had absolutely no impact on the need to protect the public, the seriousness of the offense charged, the defendant's criminal record or the probability of Weiner appearing at hearings or trial. Considering Weiner's history of failure to appear, flight risk would be a primary focus in setting bail and nothing had changed in that regard. If Weiner was a $2 million flight risk before the appeal was filed, the People's exercise of their statutory right to appeal could not reduce that flight risk. The court therefore did not abuse its discretion when it concluded there was no change of circumstance that required it to reconsider bail.

---

[3]The nature of Weiner's motion is made evident by the arguments made and the papers filed below. Neither in the moving papers nor during oral argument did Weiner raise his right to bail pursuant to section 1272. It was not until the filing of this petition that Weiner belatedly relied upon the section.

## DISPOSITION

The petition is denied.[4]

Huffman, J., and Nares, J., concurred.

Petitioner's application for review by the Supreme Court was denied April 13, 1995.

---

[4]At oral argument Weiner's counsel declined this court's suggestion an expedited appeal might be appropriate. We therefore do not take any action at this time with respect to the pending appeal.