Filed 8/28/23  Cocco v. Superior Court CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ADAM J. COCCO, | |
| Petitioner, | |
| v. | G062576 |
| THE SUPERIOR COURT OF ORANGE COUNTY, | (Super. Ct. Nos. 22WF2606, 22NF0942, 22NM13031) |
| Respondent; | O P I N I O N |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | |
| Real Party in Interest. | |

Original proceedings; petition for a writ of mandate to challenge an order of the Superior Court of Orange County, Scott Van Camp, Judge.  Petition granted.

Adam J. Cocco, in pro. per. for petitioner.

Todd Spitzer, District Attorney and Yvette Patcko, Deputy District Attorney for Real Party in Interest.

* * *

THE COURT:*

Petitioner Adam J. Cocco filed a petition for writ of habeas corpus challenging the decision of his bail review hearing on the basis that respondent court failed to comply with *In re Humphrey* (2021) 11 Cal.5th 135. We agree, and treat the petition as a petition for writ of mandate and grant relief.

Facts

The underlying facts are unknown, but presumed to be true for purposes of bail review. (*In re Humphrey* (2021) 11 Cal.5th 135 (*Humphrey*.) The procedural facts are as follows: Petitioner, Adam J. Cocco is charged in a felony complaint in case No. 22WF2606 with possession for sale of methamphetamine as a felony, possession of fentanyl and paraphernalia as misdemeanors, and prior convictions from 1999 and 2022. On November 1, 2022, petitioner was arraigned in custody on the complaint and he pleaded not guilty. Counsel was appointed and requested petitioner's release under Pretrial Assessment Release Supervision, or bail set pursuant to *Humphrey*. The magistrate set bail at $25,000. The magistrate also set bail at $100 in misdemeanor case No. 22NM13031 where petitioner is charged with possession of a controlled substance, and also bail set at $5,000 on the probation violation alleged in case No. 22NF0942.

The minutes entered on November 1, 2022, in case No. 22WF2606 state,

---

* Before O'Leary, P. J., Sanchez, J., and Motoike, J.

2

"The Court [Judge William Scott Zidbeck] determine[d] based on the evidence presented that public or victim safety or the defendant's appearance in court cannot reasonably be assured and that no nonfinancial or less restrictive conditions of pretrial release will achieve those goals." The minutes also state the case is to be kept "with companion cases(s) . . . 22NM13031, 22NF0942," and "Bail Review set on 11/10/2022 at 8:30 AM in Department W11."

The bail review hearing did not take place on November 10th. According to the docket, petitioner "was not transported for [the] hearing." While petitioner was represented by counsel, he waived his right to a preliminary hearing within 10 days and within 60 calendar days from the date of his arraignment and the case was continued from November 2022 to April 2023.

On April 10, 2023, the court granted petitioner's request to represent himself and the bail review hearing originally scheduled to take place on November 10th was set to take place on April 17, 2023. The entire entry of the hearing in the minutes states, "04/17/2023 Bail review held[.] [¶] 04/17/2023 Motion argued. [¶] 04/17/2023 Motion denied."

On April 27, 2023, petitioner filed a petition for writ of habeas corpus in this court. Petitioner complained that respondent court did not follow *Humphrey*, did not rely on clear and convincing evidence when it denied his motion to be released on his own recognizance or in the alternative to reduce bail, or consider other reasonable alternatives. Petitioner complained further that respondent court erred by relying too heavily on the

3

bail schedule and the prosecutor's recommendation when the court set bail at $30,000 for all three cases.

Because the minute order failed to state reasons for respondent court's ruling, this court advised the parties the court was considering treating the petition as a petition for writ of mandate and ordered the prosecution to file an informal response that not only addressed the merits of the petition, but also addressed whether the court complied with its " 'obligation to set forth the reasons for its decision . . . and to include them in the court's minutes.' (*In re Humphrey*, *supra*, 11 Cal.5th at pp. 155-156; Cal. Const., art. I, §28, subd. (f)(3).)"

On May 10, 2023, the prosecution filed an informal response and agreed the matter should be remanded for a new bail review hearing that complies with *Humphrey*. As a result of the concession, this court filed an order treating the habeas petition as a petition for writ of mandate and issued an alternative writ directing respondent court to set aside and vacate the order entered on April 17, 2023, and to conduct a new bail review hearing.

On May 26, 2023, respondent court filed a copy of a minute order which states, "The court will comply with the alternative writ. The order issued on 4-17-23 with respect to the bail review is vacated."

On June 2, 2023, respondent court conducted a new bail review hearing. According to the reporter's transcript of the hearing, petitioner, representing himself, asked if he could be considered for release on his own recognizance "due to [a] family emergency." Referring to his mother, petitioner said, "She's – unfortunately, she is

4

incoherent and – state of incoherency right now. I would comply with all court orders, anything that the court would offer me as far as GPS monitoring, pretrial, you know, court in this case. I would comply with the court. [¶] I just want to be there with my mother and bury my mother. . . . [¶] If you couldn't concede to O.R., I would ask that my bail be lowered to at least $1,000. That would be about maybe, within my ability to come up with."

At the hearing respondent court summarized petitioner's criminal history, which included the alleged probation violation of his conviction for robbery in case No. 22NF0942, failure to report to probation, failure to enroll in a program, and failed drug tests, in addition to the two new offenses alleged while petitioner was on probation. Respondent court declined to release petitioner on his own recognizance or reduce bail and said:

> "In the meantime – we can fast-forward to the case ending in 2606, which is another drug sales case. That case is alleged to have been committed by you on July 31st, which means you committed that case, at least allegedly, while you were on felony supervised probation. You were arraigned on that case on November 1st. [¶] The magistrate, Judge Zidbeck, set bail on that case and set bail on your probation violation. Both cases, the judge specifically noted for the record, and this is in the minutes from November 1st at line 36 that, 'The court determines, based on the evidence presented, that public or victim safety or the defendant's appearance in court cannot reasonably be assured, and

5

that nonfinancial or less restrictive conditions of pretrial release will achieve those goals.'  The amount of bail that Judge Zidbeck set on both of these cases has remained the same since November 1st.  That was not a determination that this court made.  [¶]  Then on April 10th, you requested to represent yourself, which was granted.  *We conducted a bail review on April 17th, and I indicated at that time that there was not a sufficient change in circumstances to justify a change in bail.*  (Emphasis added.)  [¶]  You sought written relief from the Court of Appeal which was granted in the form of an alternative release [*sic*] to your request to recognize or reduce your bail.  Because I agreed with what Judge Zidbeck found back in November of 2022, that based on the evidence presented to this court and your history and committing crimes while on supervised probation and then thereafter, failing to report or be supervised by probation leads the court to determine that public or victim safety and your appearance in court cannot be reasonably assured, and that no nonfinancial or less restrictive conditions of pretrial release will achieve those goals; therefore, your request to modify your bail or be released on your own recognizance is denied, *and I will make sure that the reasons that I laid out are part of the court's minute order today*."  (Emphasis added.)

The June 2nd minute order denying petitioner's request for release on his own recognizance or in the alternative bail reduction states, "*Court finds no change in circumstances that would justify changing the bail amount that was originally set in this*

6

*case on November 1, 2022 by Judge Zidbeck.* [Emphasis added.] The court also finds that based on the evidence and arguments presented that public safety and in Defendant's appearance in court cannot reasonably be assured and that no non-financial or less restrictive conditions of pre-trial release will achieve these goals."

Citing *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Ca1.3d 171, 180, this court invited the prosecution to file any additional opposition to the petition and ordered respondent court to file a copy of the reporter's transcript of the hearing conducted on June 2, 2023.

In the additional opposition filed on July 18, 2023, the prosecution stated that at the hearing on June 2nd, petitioner failed to argue that he was indigent, but again argued as he did at the first bail review hearing that his mother was ill and he needed to be released to assist her, and therefore "The facts and circumstances relating to that denial have not changed." The prosecution also argued that petitioner requested that his bail be set at $1,000, but he did not testify under oath or present evidence or offer of proof of his financial condition, and therefore he cannot now complain that the court did not consider his financial condition in setting the amount of bail. The People conclude that ultimately petitioner's "financial condition became moot" because respondent court found petitioner "was dangerous and public safety cannot be protected with nonfinancial or less restrictive measures."

Discussion

Article I, section 12 of the California Constitution authorizes pretrial detention for enumerated offenses. "For all other offenses, bail is a matter of right," (*In re Christie*

7

(2001) 92 Cal. App. 4th 1105, 1109) and "the court may neither deny bail nor set it in a sum that is the functional equivalent of no bail." (*Ibid*.)

Decisions on bail are reviewed for an abuse of discretion. " 'The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' [Citation.] The superior court's statement of reasons for increasing or reducing bail shall ' "contain more than mere findings of ultimate fact or a recitation of the relevant criteria for release on bail; the statement should clearly articulate the basis for the court's utilization of such criteria." ' [Citation.]" (*In re Avignone* (2018) 26 Cal. App. 5th 195, 204.)

According to the reporter's transcript and the minute order of the second bail review hearing on June 2nd, respondent court acknowledged that it declined to reduce petitioner's bail on April 17th and also on June 2nd because there was "no change in circumstances that would justify changing the bail amount that was originally set in this case on November 1, 2022 by Judge Zidbeck."

The petition in this case has merit because there is no requirement that petitioner demonstrate a change in circumstances for bail review in Penal Code section 1270.2.[2]

---

[2]     All further statutory references are to the Penal Code.

Section 1273 provides for bail at a defendant's initial appearance or arraignment in a criminal proceeding. Section 1270.2 states, "When a person is detained in custody on a criminal charge prior to conviction for want of bail, that person is entitled to an automatic review of the order fixing the amount of the bail by the judge or magistrate having jurisdiction of the offense. That review shall be held not later than five days from the time of the original order fixing the amount of bail on the original accusatory pleading."

Although the issue of appropriate bail may be raised at various times by either party based on changed circumstances, "A defendant is entitled to one automatic review of the [original] order fixing the amount of bail." (*In re Avignone*, *supra*, 26 Cal.App.5th 195, 203; *In re Weiner* (1995) 32 Cal. App. 4th 441, 444.) The automatic bail review provided for in section 1270.2 is a statutorily mandated bail review hearing as a matter of right that is not dependent upon, nor requires the defendant to demonstrate a change in circumstances to justify review of the amount of bail originally set by a judge or magistrate.

Instead of considering changed circumstances, the automatic bail review hearing under section 1270.2 required respondent court to undertake individualized consideration of the factors in section 1275. (*In re Humphrey*, *supra*, 11 Cal. 5th at p. 152; Pen. Code, § 1275.) As *Humphrey* states, "When making *any bail determination*, a superior court must undertake an individualized consideration of . . . relevant factors. These factors include the protection of the public as well as the victim, the seriousness of the charged offense, the arrestee's previous criminal record and history of compliance with court orders, and the likelihood that the arrestee will appear at future court proceedings. (Cal.

9

Const., art. I, §§ 12, 28, subds. (b)(3), (f)(3); Pen. Code, § 1275, subd. (a)(1).)" (*In re Humphrey*, *supra*, 11 Cal. 5th at p. 152.) (Emphasis added.)

*Humphrey* explains further that even "Where the record reflects the risk of flight or a risk to public or victim safety, the court should consider whether nonfinancial conditions of release may reasonably protect the public and the victim or reasonably assure the arrestee's presence at trial. If the court concludes that money bail is reasonably necessary, then *the court must consider* the individual arrestee's ability to pay, along with the seriousness of the charged offense and the arrestee's criminal record, and — unless there is a valid basis for detention — set bail at a level the arrestee can reasonably afford." (*In re Humphrey*, *supra*, 11 Cal. 5th at p. 154.) (Emphasis added.)

Simply put, even when the court determines there is a risk of flight, or risk to public and victim safety and money bail is necessary as respondent court found in this case, the court still "must consider an arrestee's ability to pay alongside the efficacy of less restrictive alternatives when setting bail." (*In re Humphrey*, *supra*, 11 Cal. 5th at p. 152.)

In this case, respondent court declined to reduce petitioner's bail or release petitioner on his own recognizance because petitioner failed to demonstrate a change in circumstances. Respondent court also found that "based on the evidence presented to [the] court and [petitioner's] history and committing crimes while on supervised probation and then thereafter, failing to report or be supervised by probation[,] the court

. . . determine[d] that public or victim safety and [petitioner's] appearance in court [could not] be reasonably assured, and that no nonfinancial or less restrictive conditions of pretrial release will achieve those goals."

Despite making findings that petitioner represented a risk to public or victim safety, and his appearance in court could not reasonably be assured, *Humphrey* imposes the additional requirement that respondent court "must consider an arrestee's ability to pay . . . [and] less restrictive alternatives when setting bail." (*In re Humphrey*, *supra*, 11 Cal. 5th at p. 152.)

At the hearing on June 2nd, petitioner requested that he be released on his own recognizance, or in the alternative, his bail lowered to $1,000, an amount he believed he might be able to afford, and GPS monitoring. Presumably respondent court rejected petitioner's requests because of his criminal history and pending court cases. But according to *Humphrey*, that did not alleviate respondent court's responsibility to also consider petitioner's ability to pay and less restrictive alternatives to confinement, including nonfinancial conditions of release. The prosecution seemingly acknowledges that respondent court failed to consider petitioner's ability to pay, and argues that petitioner cannot now complain about respondent court's failure because petitioner failed to offer proof of his financial condition. But once petitioner made known that he could "maybe" afford $1,000, "the court must consider an arrestee's ability to pay," and nowhere in the record does it indicate that respondent court made any inquiry or took into consideration petitioner's ability to pay at the second bail review hearing on June 2nd. (*Humphrey*, *supra*, 11 Cal. 5th at p. 148.)

The record also fails to indicate why the nonfinancial condition of GPS monitoring suggested by petitioner was not a viable option to address public concerns of safety and flight risk. Although respondent court said "that no nonfinancial or less restrictive conditions of pretrial release will achieve the goal" of public and victim safety and assure petitioner's appearance in court, the record does not reflect individualized consideration of GPS monitoring, or any nonfinancial or less restrictive conditions the court considered, and why they were inadequate to achieve the state's compelling interest.

Disposition

The alternative writ issued on May 25, 2023, is discharged. The petition for writ of mandate is granted. Respondent court is ordered to set aside and vacate the ruling entered on June 2, 2023. Respondent court is further directed to transfer this matter to the Presiding Judge for reassignment to a court other than respondent court to conduct a third bail review hearing no later than five days from the date this opinion is filed. (Code Civ. Proc., § 170.1, subd. (c).)

The clerk of this court is directed to transmit a copy of this opinion to respondent court, Judge Scott Van Camp, and to the Presiding Judge of the Orange County Superior Court.

In the interest of justice, the opinion in this matter is deemed final in this court and the clerk of this court is directed to issue the remittitur forthwith.

12